IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYLER KLINGENSMITH                                                    PLAINTIFF

V.                           CASE NO. 5:19-CV-05185

DEPUTY ADRIAN CRUZ; LIEUTENANT
ROBIN HOLT; DEPUTYJOSEPH ALLEN;
DEPUTY MEGAN RUTLEDGE; DEPUTY NICHOLAS
GUERRERO; NURSE HEATHER TRIMMER; NURSE
FRAN INFANTE; LIEUTENANT RANDALL MCELROY;
SHERIFF SHAWN HOLLOWAY; SERGEANT JOE ADAMS;
DEPUTY ANTHONY COBB; SERGEANT BRADY;
DETECTIVE JORDAN; JOHN DOE CAPTAIN;
SERGEANT COGDILL; JANE DOE NOTARY
SERGEANT; BENTON COUNTY; JOHN DOE
BOOKING DEPUTY; and JOHN DOE SERGEANT
WHOTOOK PICTURES                                                      DEFENDANTS

## OPINION AND ORDER

Plaintiff Tyler Klingensmith, currently an inmate of the North Central Unit of the Arkansas Department of Correction ("ADC"), has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The claims at issue in this case arose during Plaintiff's incarceration in the Benton County Detention Center ("BCDC").

The case is before the Court on the Motion to Dismiss (Doc. 31) filed by Nurse Fran Infante. Specifically, Nurse Infante asserts that Plaintiff has failed to assert a plausible denial of medical care claim against her. Plaintiff has responded (Doc. 43) to the Motion. For the reasons stated below, the Motion to Dismiss is granted.

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 11), Klingensmith

1

was extradited from Marion County on January 28, 2018, and booked into the BCDC. He remained at the BCDC until he was transferred to the ADC following his conviction and sentencing on August 20, 2018, on state criminal charges.

His allegations against Nurse Infante are as follows. Klingensmith arrived at the BCDC with a broken hand. He was seen upon arrival by Nurse Timmer and Nurse Infante, who looked at his hand and advised him that he would be placed in the medical pod. *Id.* at p. 13. However, Klingensmith alleges Nurse Trimmer and Nurse Infante failed to notify the booking sergeant to place Klingensmith in the medical pod. Approximately three hours after being placed into a pod, Klingensmith pushed the emergency button seeking medical care because he could not "breathe" and the pain in his arm "was horrible." *Id.* He received no medical attention that evening but was allowed to go into the day-room to get some fresh air. *Id.* Klingensmith put in a sick-call request the following day and was seen by an unidentified nurse who indicated she would send for his medical records and provided him with pain medication. *Id.* He was not moved into the medical pod. *Id.*

On February 2, 2018, and April 15, 2018, Klingensmith alleges he was physically and sexually assaulted by inmate R.B. On April 15, 2018, Klingensmith alleges he asked for medical attention and was told by an unidentified sergeant that he notified "medical" about Klingensmith. Klingensmith alleges that, to his knowledge, Nurse Infante and Nurse Trimmer were the on-duty nurses and he never received medical attention. *Id.* at p. 15.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

"The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."[1] *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The deliberate indifference standard includes "both an objective and a subjective component: '[Klingensmith] must demonstrate (1) that [he] suffered [from] objectively serious medical

---

[1] The Eighth Circuit applies the deliberate indifference standard to both pretrial detainees and convicted inmates. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

With respect to the claim against Nurse Infante stemming from her initial examination of Klingensmith on January 28, 2018, no plausible claim is stated. Klingensmith arrived with a broken hand, which Nurse Infante examined but ordered no medical treatment for at that time. She did, however, indicate Klingensmith would be housed in the medical pod. However, the booking officer did not place Klingensmith in the medical pod. Three hours later, Klingensmith pushed the emergency button complaining that he could not breathe and was in severe pain. Klingensmith makes no argument that his hand was further injured or that he suffered any adverse consequence due to the fact that he was not placed in the medical pod. When examined by another nurse in response to his sick-call request, Klingensmith was placed on pain medication but was not moved to the medical pod. There is simply nothing in the facts alleged to state a claim that Nurse Infante exhibited deliberate indifference to Klingensmith's serious medical needs by failing to ensure he was placed in the medical pod.

With respect to the claim against Nurse Infante stemming from her failure to provide medical care following the April 15, 2018 attack on Klingensmith, no plausible claim is stated. Other than Klingensmith's allegation that he believed Nurse Infante was on duty, there is no suggestion she was even aware of his need for medical care. No plausible claim is stated.

## IV. CONCLUSION

For the reasons stated, Nurse Infante's Motion to Dismiss (Doc. 31) is **GRANTED**.

All claims against Nurse Infante are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 14th day of February, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE