IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYLER B. KLINGENSMITH                                                                  PLAINTIFF

V.                              CASE NOS.      5:19-CV-05185
                                               5:20-CV-05015

DETECTIVE MARK JORDAN; CHIEF JON SIMPSON;
OFFICER SHRUM; PROSECUTOR STUART CEARLY;
OFFICER ROBIN HOLT; SERGEANT JOE ADAMS;
OFFICER COGDILL; SHERIFF SHAWN HOLLOWAY;
KALEY SCHWAB; GLORIA SCHWAB;
CAPTAIN BANTA; JERROD C. WISEMAN;
JUDGE ROBIN GREEN; BRENDA DESHIELDS;
DEPUTY ADRIAN CRUZ; DEPUTY JOSEPH ALLEN;
MEGAN RUTLEDGE; DEPUTY NICHOLAS GUERRERO;
NURSE HEATHER TRIMMER; NURSE FRAN INFANTE;
DEPUTY TREY BRADY; DEPUTY RANDALL MCELROY;
DEPUTY ANTHONY COBB; DEPUTY W. GUENTHER;
DEPUTY ROSS; and DEPUTY CHANDLER                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case is before the Court for preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A. Under the PLRA, the Court has an obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

Additionally, the Court has reviewed Separate Defendants' Motion to Strike Plaintiff's Third Amended Complaint and Separate Benton County Defendants' Motion to Adopt and Join Defendant Mark Jordan's Motion to Strike Plaintiff's Third Amended Complaint. (Docs. 139 & 142).

## I. BACKGROUND

Plaintiff filed his original Complaint on September 27, 2019. (Doc. 1). Plaintiff filed a separate case, *Klingensmith v. Jordan, et al.*, 5:20-cv-05015, involving largely the same

Defendants and issues, on January 14, 2020. The two cases were consolidated on April 24, 2020, at which time Plaintiff was given an opportunity to file a third and final amended complaint. (Doc. 127). The Court noted that Plaintiff's previous complaints were difficult to construe and contained "unnecessary verbiage." *Id.* at p. 2. The Court therefore directed Plaintiff to file an amended complaint that clearly and concisely set forth his claims against each named Defendant. He was limited to completing the form complaint and attaching up to six additional pages. In addition, he was directed to provide the dates on which all events occurred and to assert a single cause of action for each claim or count.

Plaintiff's Third Amended Complaint, which he filed on May 14, 2020 (Doc. 135), now contains sixteen claims, and many of them seek relief based on multiple causes of action. Accordingly, the Court finds that the Third Amended Complaint fails to comply with the Court's earlier Order (Doc. 127). Even so, the Court declines to strike the pleading in favor of proceeding with the claims Plaintiff has articulated. The Court believes that this approach, in the end, will best serve the interests of justice and conserve judicial resources. Therefore, Defendants' separate Motions to Strike (Docs. 139 & 142) are **DENIED**. Below, the Court will consider the sufficiency of Plaintiff's claims for service purposes.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief

may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

### A.  Defendants Subject to Dismissal

Defendants **Kaley and Gloria Schwab** are private citizens and are not subject to suit under § 1983. Kaley is the victim in the state court criminal case in which Plaintiff was convicted, and Gloria is Kaley's mother.  Both of these individuals will be dismissed.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (italics added).  "[A] private party's mere invocation of state legal procedures does not constitute state action."  *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (citations omitted); *see also Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted

3

under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.").

**Benton County Circuit Judge Robin Green** is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze,* 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Third Amended Complaint that neither of those situations applies here. Accordingly, all claims against Judge Green will be dismissed.

Plaintiff's claims against **Benton County Prosecutor Stuart Cearly** are also subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat

absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted). Accordingly, Mr. Cearly will be dismissed from this action.

Finally, Plaintiff has failed to state any specific facts in his Third Amended Complaint to show that the following Defendants had any personal involvement in depriving him of his constitutional rights: **Chief Jon Simpson, Sheriff Holloway, Captain Banta, Brenda DeShields, Jerrod C. Wiseman, Deputy Ross, and Deputy Chandler.** "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff failed to do this with respect to these Defendants, and all individual-capacity claims against them are subject to dismissal.

## B. Claims Subject to Dismissal

### 1. Section 1985 Conspiracy

Plaintiff fails to state a plausible claim for a violation of violation of 42 U.S.C. § 1985 in Claim One of the Third Amended Complaint. He asserts that the Defendants named in Claim One conspired to falsely charge him with the sexual assault crime for which he was convicted. These Defendants supposedly entered Plaintiff's storage unit and stole a TV, a jewelry box, and a video that would have exonerated him.

There are five types of conspiracies to interfere with civil rights under § 1985: (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). The Third Amended Complaint does not specify the type of conspiracy alleged, but the facts clearly do not support a claim under either § 1985(1) or (2). If Plaintiff means to allege a violation of § 1985(3), he must state facts to show that there was a conspiracy "fueled by some 'class-based, invidiously discriminatory animus.'" *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 262, 268 (1993)). He has failed to state such facts. Therefore, Plaintiff's conspiracy claim under 42 U.S.C. § 1985 will be dismissed.

### 2. Denial-of-Medical-Care Claims

In Claims 7, 8 and 12 of the Third Amended Complaint, Plaintiff asserts denial-of-medical-care claims against Defendants Infante, Trimmer, and Banta. (Doc. 135, pp. 9, 11). Specifically, Plaintiff states that he arrived at the BCDC with a broken hand. He was seen upon arrival by Nurses Infante and Trimmer, who looked at his hand and advised him that he would be placed in the medical pod. *Id.* at 9. Plaintiff alleges that Trimmer and Infante failed to notify the booking sergeant and that he was not placed in the medical pod. *Id.* Plaintiff alleges that "Banta took note of the arm and placed me in POD 107 Gen. Pop." *Id.* Plaintiff further alleges that "over 144 hours later my hand was examined and the treatment prescribed was . . . no mobility for 6 wks. and to be wrapped with support; Infante took my support only 4 days later and said 'You don't deserve this' as I

6

was coming out of the shower." (Doc. 135, p. 9).

Plaintiff also alleges that he was physically and sexually assaulted by inmate R.B. and asked for medical attention following the assault. He claims he received no care and states he was told that "Infante and Trimmer were on duty." (Doc.135, p. 9).

Separate Defendant Infante previously filed a motion to dismiss identical claims originally asserted in Plaintiff's Amended Complaint (Doc. 11). Infante's Motion (Doc. 31) was granted on February 14, 2020. (Doc. 67). As set forth in the Court's Order, "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard includes "both an objective and a subjective component: '[Klingensmith] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Based on that standard, and for the reasons set forth in the Court's prior Order (Doc. 67), Plaintiff's allegations against Infante, Trimmer, and Banta, as set forth in Claims 7, 8, and 12, fail to state any new facts that would be sufficient to support plausible claims and will be dismissed on that basis.[1]

### 3. Official-Capacity Claims

Plaintiff's Third Amended Complaint names certain Benton County Defendants in their official as well as individual capacities.

> Claims against individuals in their official capacities are equivalent to claims
> against the entity for which they work; they require proof that a policy or

---

[1] Plaintiff also names Banta as a Defendant in Claim 5. However, he makes no factual allegations against Banta in that Claim.

custom of the entity violated the plaintiff's rights, and the only type of
immunity available is one belonging to the entity itself. *Hafer v. Melo,* 502
U.S. 21, 24-27 (1991).  Personal capacity claims, on the other hand, are
those which allege personal liability for individual actions by officials in the
course of their duties; these claims do not require proof of any policy and
qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25-27.

*Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998).

"Section 1983 liability for a constitutional violation may attach to a municipality if

the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3)

a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075,

1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir.

2016)).  Plaintiff has identified no policy or custom of Benton County that violated his

rights.  Instead, he maintains—in a general and conclusory fashion—that

> [t]he failure to implement, and train staff on and for non-existing and later
> implemented policies, practices and procedures were insufficient in
> protecting myself from becoming a victim to said results.  The failure to
> investigate and tacit authorization of such conduct allowed such a stated
> result.   Failure to reprimand and deter the subordinates after such
> knowledge thereof allowed it to continue . . . .

(Doc. 135, p. 5).

Municipal liability arises "only where the failure to train [or supervise] amounts to

deliberate indifference to the rights of persons with whom the [employee] come[s] into

contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Deliberate indifference "is

a stringent standard of fault requiring proof that a municipal actor disregarded a known or

obvious consequence of his action." *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir.

2017).  To state a claim for "failure to train" liability, the Plaintiff must plead facts sufficient

to show:  (1) the County's officer-training practices were inadequate; (2) the County was

deliberately indifferent to the rights of others in adopting these training practices, and the

8

County's failure to train was a result of deliberate and conscious choices it made; and (3) the County's alleged training deficiencies caused Plaintiff's constitutional deprivation. *See Haller v. County of Dundy*, 2019 WL 2764227, at *10 (D. Neb. July 2, 2019).

Plaintiff's bare allegations do not reach that standard. Accordingly, all official-capacity claims will be dismissed.

### 4. Property Deprivation

In Claims 1 and 2 of Plaintiff's Third Amended Complaint, Plaintiff asserts claims for deprivation of property. (Doc. 135, pp. 4–5). Specifically, Plaintiff mentions a "60' curved tv and other components in the factory box, and a jewelry box with silver and other valuables, and a video that would exonerate me." (Doc. 135, p. 4).

Plaintiff has adequate post-deprivation remedies to regain his property; accordingly, any allegations of wrongful forfeiture do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Because Plaintiff could seek redress in state courts for his claim of loss of property, he cannot pursue the same claim under § 1983.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED**:

9

- The following Defendants are **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is directed to terminate them as parties:

  Chief Jon Simpson, Prosecutor Stuart Cearly, Sheriff Shawn Holloway, Kaley Schwab, Gloria Schwab, Captain Banta, Jerrod C. Wiseman, Judge Robin Greene, Brenda DeShields, Nurse Heather Trimmer, Nurse Fran Infante, Deputy Ross, and Deputy Chandler.

- The following claims are **DISMISSED WITHOUT PREJUDICE**: Plaintiff's claims under 42 U.S.C. § 1985, his denial-of-medical care claims stated in Claims 1, 2, 7, 8, and 12, all official-capacity claims, and his claim for property deprivation. *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS FURTHER ORDERED** that Separate Defendants' Motion to Strike Plaintiff's Third Amended Complaint and Separate Defendants' Motion to Adopt and Join Defendant Mark Jordan's Motion to Strike Plaintiff's Third Amended Complaint (Docs. 139 & 142) are both **DENIED**.

The following claims remain for further litigation:

- Fourth Amendment claims against Defendants Shrum, Jordan, and Holt with respect to alleged false allegations in arrest warrants, as set forth in Claims 2, 3, 13, and 16;

- Fifth Amendment claims against Defendants Shrum, Jordan, and Holt with respect to the questioning of Plaintiff, as described in Claim 4;

- Freedom of Information Act (FOIA) claims pursuant to Arkansas Code Annotated §§ 25-19-101, *et seq.*, against Defendants Holt, Rutledge, McElroy, and Jordan with respect to Plaintiff's allegation that Defendants prevented his FOIA requests, as set forth in Claim 5;

- Failure to Protect claims against Defendants Cruz and Guerrero with respect to Plaintiff's allegation that he was assaulted by inmate R.B., as set forth in Claims 6, 8, and 12;

- Failure-to-protect claims against Defendants Brady and Allen with respect to Plaintiff's allegation that he was assaulted by inmate R.B., as set forth in Claims 9 and 12;

- First Amendment retaliation claims against Cogdill, Jordan, Adams, Holt, Guenther, Rutledge, Brady, and Cobb with respect to Plaintiff's allegation that he was retaliated against for filing grievances, as set forth in Claims 10 and 11;

- Fourth Amendment claim against Defendants Jordan and Shrum with respect to the alleged illegal search of Plaintiff's phone and alleged false statements in a search warrant related to Plaintiff's phone, as set forth in Claim 14; and

- Fourth Amendment claim against Defendant Jordan with respect to the alleged illegal search of Plaintiff's twitter account and alleged false statements in a search warrant related to Plaintiff's twitter account, as set forth in Claim 15.

Service on the remaining claims will be directed through a separate order.

**IT IS SO ORDERED** on this _____ day of August, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE