IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TYLER KLINGENSMITH**                                                                      **PLAINTIFF**

VS.                                            NO.    19-5185

**DEPUTY ADRIAN CRUZ,
ROBIN HOLT, JOSEPH ALLEN,
MEGAN RUTLEDGE, NICHOLAS
GUERRERO, RANDALL McELROY,
SGT. JOE ADAMS, ANTHONY COBB,
SGT. BRADY, SGT. COGDILL, BENTON COUNTY,
et al.**                                                              **DEFENDANTS**

**BRIEF IN SUPPORT OF BENTON COUNTY DEFENDANTS'
MOTION FOR SANCTIONS**

**INTRODUCTION**

Throughout the instant litigation, Plaintiff has bombarded the Court and the parties with irrelevant and vexatious "pleadings," leading the Court to strike certain pleadings and refuse to file others. However, his latest tactic rises to a different level of disregard for the judicial process and human dignity. On September 13, 2021, the undersigned received from Plaintiff correspondence containing harassing and outrageous communications. That communication, filed under seal as Exhibit A to Defendants' Motion for Sanctions, constitutes harassing communications, and is filled with outrageous comments veiled as legal arguments and citations. This communication was clearly meant to intimidate and/or make the undersigned uncomfortable or frightened. Plaintiff's action constitutes criminal activity under Arkansas law. (Ark. Code Ann. § 5-71-209 Harassing Communications). Plaintiff should not be allowed to disrespect undersigned, the law, or this Court by engaging in such reprehensible conduct.

Federal courts have the inherent authority to sanction litigation abuses for vindication of

1

judicial authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46, 111 S.Ct. 2123 (1991); *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). The Court also has the inherent authority to govern conduct by litigants and other individuals who come before the Court, whether that conduct occurs inside the courtroom or not. *Isaacson v. Manty,* 721 F.3d 533 (8th Cir. 2013).

Because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). However, sanctions are available for willful actions, "including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001) (requiring inherent-authority sanctions to be supported by a specific finding of bad faith or conduct tantamount to bad faith); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev. Inc.,* 244 F.3d 1128, 1136 (9th Cir. 2001) (noting that a district court's findings in a sanctions case are "given great deference.")

Plaintiff's written communication with the undersigned is filled with inappropriate sexual references and even a pop-up "card" designed to harass the undersigned. His bizarre and bigoted metaphors attempt to dismiss the role and intelligence of the undersigned and of women in the courtroom generally.  Sexually inappropriate remarks need not rise to the level of severe or pervasive before courts can intervene. *Claypole*, 2016 WL 145557, at *4 (sanctioning attorney, in part, for stating to opposing counsel; "Don't raise your voice at me. It's not becoming of a woman.") By acknowledging and not trivializing the effects of sexual harassment on women, courts can work toward ensuring that no person will have to "run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living." *Ellison v. Brady,* 924 F.2d 872, 879–80 (9th Cir. 1991).

2

Sanctions may be imposed under a court's inherent authority on "parties appearing before [them] for acting in bad faith, vexatiously, wantonly, or for oppressive reasons," *Sassower v. Field*, 973 F.2d 75, 81-82 (2d Cir. 1992), cert. denied, 507 U.S. 1043 (1993), as well as for delaying or disrupting litigation, or for taking actions in the litigation for an improper purpose —all of which are abusive of the judicial process, *Chambers*, 501 U.S. at 43-45. The litigant to be sanctioned must have engaged either "in bad faith or willful disobedience of a court's order," *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46-47, 111 S.Ct. 2123 (1991), or conduct which constitutes, or is tantamount to, bad faith, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Miller v. City of Los Angeles,* 661 F.3d 1024, 1036 (9th Cir. 2011); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).   Upon one of the above requisite findings, courts can levy an assortment of sanctions under their inherent power, including monetary awards, attorneys' fees, adverse inference jury instructions, and dismissal of claims. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 881 F.Supp.2d 1132, 1135 (N.D. Cal. 2012) (collecting cases), as modified in *Apple Inc. v. Samsung Elec. Co., Ltd.*, 888 F.Supp.2d 976, 1000 (N.D. Cal. 2012).

Faced with inappropriate and harassing communications from a *pro se* Plaintiff directed at defense counsel, the Court in *Smith v. Allison*, No. 110CV01814LJOJLTPC, 2016 WL 8849016, at *1 (E.D. Cal. Feb. 18, 2016) noted:

> This Court may choose any appropriate sanction "that will punish the past misconduct and prevent future misconduct." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1065 n.8 (9th Cir. 2007). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent powers." *Chambers*, 501 U.S. at 45. Courts also have the inherent power to dismiss an action "when a party has ... engaged in conduct utterly inconsistent with the orderly administration of justice." *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1991) (employing five-factor test); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.

>1988) (holding that inherent-powers dismissals are justified in extreme cases and in response to abusive litigation practices).

Id. at *1. The Report and Recommendation was subsequently adopted and the case was dismissed. See *Smith v. Allison*, 2016 WL 5339536 (E.D. CA. Sept. 22, 2016).

Based on the outrageous and criminal conduct of the Plaintiff, Defendants ask this Court to issue sanctions against Plaintiff, whether by deeming the Defendants' Statement of Indisputable Material Facts as admitted, or other actions such as issuing monetary sanctions or dismissal of his case, in accordance with the inherent power of the Court. *Wescott Agri-Products, Inc. v. Sterling Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) ("These inherent powers [of the district court] include the ability to . . . fashion an appropriate sanction for conduct which abuses the judicial process, including assessing attorney fees or dismissing the case.") (internal citation and quotation omitted). The matter should be dismissed and Plaintiff should be barred from any future attempts at direct contact with the undersigned for any purpose.

Respectfully submitted,

DEPUTY ADRIAN CRUZ, DEPUTY JOSEPH ALLEN, MEGAN RUTLEDGE, NICHOLAS GUERRERO, SGT. JOE ADAMS, DEPUTY AUSTON COBB, SGT. TREY BRADY, SGT. KENNETH COGDILL, AND SHERIFF HOLLOWAY, et al., Defendants

JaNan Arnold Thomas
Bar No. 97043
Attorney for Defendants
ASSOCIATION OF ARKANSAS COUNTIES
RISK MANAGEMENT SERVICES
1415 W. Third
Little Rock, Arkansas 72201
Telephone (501) 372-7550
email: jthomas@arcounties.org

## CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non-CM/ECF participant:

Mr. Tyler Klingensmith
ADC #170977
North Central Unit
10 Prison Circle
Calico Rock, AR 72519

      I hereby certify that on September 15, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which shall send notice to the following CM/ECF participant:

Sara Monaghan (for Defendant Detective Jordan)
P.O. Box 38
N. Little Rock, AR   72115
smonaghan@arml.org

                                                    JaNan Arnold Thomas
                                                    JaNan Arnold Thomas, #97043
                                                    Attorney for Defendants