Klingensmith
v.
Jordan et al.

United States District Court
Western District of Ark.

19:5185 / 20:5015
Brief to
Motion to Refute ECF. 220, 221, 223 and to Respond
to the Proposed Motion to Dismiss Therein

Eventhough the intrinsic nature of the plaintiffs arguments, some of which lie at a more rudimentary and graceless executions. The restraints upon the plaintiff and the pure uphill battle in which one must have overcome by proof and execution of such derived information; so that proof beyond a reasonable doubt could be shown for his "personal jurisdiction" claims. (ECF. 135 @ TP 16). Some if not all must be credited to the amount of hardship and detainment upon the plaintiff.

2 of 8
The Court is asked to place itself within the plaintiffs position before a decision is made within this case and ask this question— "To what extremes and legal measures would I go?"
"To some extent, the American adversary trial presumes contestants who are able to cope with the pressures and aftermath of the battle, and such may not generally be the case of those in the prisons of this country."
Wolff v. McDonnell, 418 U.S. 539 94 S.Ct. 2963 at 2981

Contrary to the belief of specific individuals, Ms. Thomas and other staff, plaintiff "somewhat inexplicably" understands what lies at the belly of their positions, although it does not explain nor justify how this case arrived at this courts intersection here today. Superintendent Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445 105 S.Ct. at 2777 [from]

"Perhaps [the time has come], as the problems of penal institutions [have] changed and correctional goals... are in need of a makeover so to be "reshaped" into a fair "balance of [all] interests involved." [I]n the current environment we cannot... continue to "ignore the desire[s] and effort[s] of many States... and the Federal Government" as to the claims set forth and allow such "avoid[ance] in situations that may trigger deep emotions and that/the... process as a rehabilitation vehicle." Wolff v. McDonnell, 418 U.S. 539, 568 (1974)

Contrary to the belief of specific individuals, MS. Thomas and other staff - even as a developing pupil within the art of law, plaintiff is aware that a "Courts review... is discretionary and depends on numerous fact[s] other than the perceived correctness"... of the defendants and counsels actions. Ross v. Moffitt, 417 U.S. 600, 616-617, 94 S. Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)

Here, plaintiff appreciates all of his legal teachings and those who have sharpened those tools in an absolute legal manner, but to purposely "misconstrue" the real words and statements of affirmation, that of which brought us to this very point, is in of itself exaggerant, illegal and not what any man or woman should do. For this Court and its parties - present and absent - can easily find the large disparity a little bit strange at the slightest of review because the defendants and undersigned have a history of such conduct as alleged, eventhough it is upon individuals of permanent illegal conviction(s). This case needs to go forth and obtain judicial review because "humanity" has a history of such brutality [and] is equivalent of torture, and is offensive to any modern standard of human dignity." U.S. v. Bailey, 444 U.S. 394, 423 100 S.Ct. 624, 641, 62 L.Ed.2d 575 (1980)

It is not unreasonable to expect honesty, contriteness and such; from an intellectual as recognized counsel and staff, but to bring to the Courts attention the rules of procedure that should be followed in all courts and to acknowledge the lack thereof and how it effects the sound lives of so many only sets an atonement of: "at what cost are they (Benton County) willing to go, to obtain a favorable outcome?" (Id.)

I'm sure that the Court recognizes that defendants and counsel "somewhat inexplicably" failed to stand on the bar of justice that is to be given to all individuals; and even those behind the "thin blue line" will abuse their power to obtain such results as within this case, for the "defendant[s] [were] a[ll] rogue officer[s] who disobeyed City Policy." Borough Pawn, LLC v. City of New York, 640 F.Supp.2d 268, 299-300 (S.D.N.Y. 2009) (police misconduct resulted from municipal policy was implausible because plaintiff did not identify other officers who acted similarly)

In this "event", the major disputes qualify as one of national importance. Ponte v. Real, 471 U.S. 491, 323, n. 21, 105 S.Ct. 2192 —, n. 21 85 L.Ed. 2d 553 (1985) ("Reversing the argument docket" for cases of truly national import would go far toward alleviating any workload problems allegedly facing the Court"). If the claim(s) within this matter were considered a common practice or situation that would be or could easily be overlooked, it would then undermine the entire judicial process and the reasons of which our justice system was founded upon. For the Courts place higher values on the rendition of a advisory opinion, that of one such as Ms. Thomas, than on the virtues of judicial restraint; but, contrary if she was named as defendant?

"Since the Judicial Concern with procedural regularity has a direct bearing upon the maintenance of institutional order; the orderly care with which decisions are made by...[lower or less educated] authority is intimately related to the level of respect with which [all people] prisoner(s) regard that authority. There is nothing more corrosive to the fabric of a public institution such as a [Detention Center] than a feeling [between those] whom it contain[ed] that they [were] treated unfairly." Palmigianous v. Baxter, 487 F.2d 1280, 1283 (CA 1973).

As The Chief Justice noted in Morrissey v. Brewer, 408 U.S. at 484, 92 S.Ct. at 2602, "fair [and equivilant] treatment... will enhance the chance of rehabilitation by avoiding [illegal] reactions to arbitrariness." But, this is not to say, by express or implied actions, to intentionally abuse any process, but is to request incarceration of participants or a large payout. (see Exhibit A)

Institutions in todays age are no longer placed within their punitive heritage, hence the 180° turn, as from the First American Penitentary that was established in 1790. P. Tappan, Crime, Justice and Correction 605-06 (1960). Even later prisons who adopted less stringent "military lock-step" tactics and "slave labor" used to "break" the individuals were declared "harsh treatment," eventhough it produced an orderly prison, it was declared to have an unfettered discretion, left to gaurds and other [legal] administration, who imposed punishment on the basis of vague charges that were never subjected to detached or impartial evaluation. Tappan, supra, at 609-610. see Introductory Subject Report to the Code of Reform... 8, A system of Penal law for the United States. (1828)

The lessons to be learned, for both sides, is to never underestimate a person [souldier] who may have lost his mind to a legal addiction to prescribed medications, by those doctors, (FDA) Food and Drug Administration and the pharmaceutical companies who have now awarded trillions of dollars unto the States— and that persons drive, determination and persuit of happiness; 2) Courts cannot blithely defer to the supposed expertise of governmental officials when it comes to the Constitutional rights of humans. "This is the central evil[s].... that the unreviewed [and dismissed] administrative discretion [would have], if granted to the poorly trained [uneducated, inexperienced, naive and criminal mindframed] personnel who deal[t] directly with [this] prisoner." Hirschkop & Millemann, The Unconstitutionality of Prison Life, 55 Va. L. Rev. 795, 811-812 (1969).

Wherefore, plaintiff prays for his claims to proceed against the intentionally named participants (and not articulated to include counsel because of plaintiff's designation); for criminal sanctions to be brought against named defendants; for his requested financial relief, as plead within the complaint (ECF.135 @ pg.#7); and a chance to prove himself as a great paralegal as to interested and intellectually respected advisors, for plaintiff has only and never persisted with a roaring illegal or unlawful intent to harass, cause delay or threaten anyone.

10-31-21

7206 W. 7th
Pine Bluff, AR 71603

Respectfully, 170977

T. Klingensmith

Exhibit A
2 pgs.

### Not to Be Mis-Construed and to be understood as expressed

As to the appreciation of your dedication and position within your respected authority.

1) I would like to explain, in no way did I or would I ever try to intimidate, threaten or harass your effeminate standing within the courts or you as a person. I have only attempted to give you an advance notice, so that I could adjust my standing within the argument if need be. I know that you received the letter on 9-9-21 and that you purposely mis-construed the letter to advance and cover up your defendants illegal conduct. (risk v.s. reward)

It was an honest attempt at consolation between two people, one of which is appreciated on all levels, especially intelligence and sportsmanship, to defend your clients, no-matter their guilt.

If we would have met under different circumstances, you would/might have reacted in a positive manner. But the same could be said as to my advancement - of a seperate interface. As well, I was notifying you of the truth, as to my persistant facts and for you to consider, the fact of my family (pride) becoming your family.

2) I'm sorry for any perceived or unlawfully anticipated intentions you gathered. I do, really wish that we could have met under seperate conditions and circumstances. These feelings are why I sent you my discovery eventhough you did not follow Fed.R.Civ.P. or Ark.R.Civ.P., I was trying to protect you (Jallan) so that you could build a defense around yourself, and not your personal protection; So you could protect your reputation and possible career.

3) Plaintiff never received the motions of BCDC at ECF 220, 221 or 223;

4) Maybe it is my fault, for thinking and believing that you were a caring person, that only had intentions to do what was right and just. Or just maybe this is why I seem to befall for a female who steals, lies and cheats.

5) Or maybe I'm such an ignorant, naive and gullible man that has a true belief; that of child-like understanding. Or am I a narcissus? I'll leave that to the court and you to decide.

And I have no clue what you look like, at least from my position at NCU, from within a barracks, behind glass and over one-hundred (100) yards away. So its not based on physical appearance!!!

Chameleon

6) Plaintiff is going to be filing suit on NCU in approx. 30 days; and a chain of legal mail is of main concern; T. Klingensmith 170977

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true, correct and from the heart.

Exhibit A is meant to appologize and is a true expression of care; I'm really sorry if I truly offended her