IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYLER B. KLINGENSMITH                                                               PLAINTIFF

v.                                    Civil No. 5:19-cv-5185
                                             5:20-cv-05015

DEPUTY ADRIAN CRUZ; LIEUTENANT
ROBIN HOLT; DEPUTY JOSEPH ALLEN;
DEPUTY MEGAN RUTLEDGE; DEPUTY
NICHOLAS GUERRERO;
LIEUTENANT RANDALL MCELROY;
SERGEANT JOE ADAMS; DEPUTY ANTHONY COBB;
SERGEANT BRADY; DETECTIVE MARK JORDAN;
JOHN DOE CAPTAIN; SERGEANT COGDILL;
BENTON COUNTY; JOHN DOE
SERGEANT WHO TOOK PICTURES; DEPUTY
ANTHONY COBB; and SERGEANT W. GUENTHER                       DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Tyler Klingensmith, proceeds in this matter *pro se* and *in forma pauperis*. (ECF No. 1, 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the Benton County Defendants' Motion for Sanctions (ECF No. 223), which was filed on September 15, 2021. The Plaintiff has responded to the Motion. (ECF Nos. 231, 232).

**I. BACKGROUND**

Plaintiff filed his original Complaint in this matter on September 27, 2019. (ECF No. 1). On January 14, 2020, Plaintiff filed a separate case, *Klingensmith v. Jordan, et al.*, 5:20-05015,

1

involving largely the same Defendants and issues. The two cases were consolidated on April 24, 2020. (ECF No. 127). At that time, the Court noted that Plaintiff's previous complaints were difficult to construe and contained "unnecessary verbiage." (ECF No. 127 at 2). The Court directed Plaintiff to file an amended complaint that clearly and concisely set forth his claims against each named Defendant. He was limited to completing the form complaint and attaching up to six additional pages. In addition, he was directed to provide the dates on which all events occurred and to assert a single cause of action for each claim or count. (ECF No. 127).[1]

Plaintiff filed his Third Amended Complaint on May 14, 2020. (ECF No. 135). The Court found that the Third Amended Complaint failed to comply with the Court's earlier Order (ECF No. 127). (ECF No. 144). Nonetheless, and despite Defendants' arguments in separate Motions to Strike (ECF No. 139, 142), seeking to "best serve the interests of justice and conserve judicial resources," the Court declined to strike the pleading, and chose to proceed with the claims Plaintiff articulated. (ECF No. 144). On August 20, 2020, the Court entered a Memorandum Opinion and Order (ECF No. 144) dismissing certain claims following preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A. As set forth in the Memorandum Opinion and Order, the following claims remained following screening:

- Fourth Amendment claims against Defendants Shrum, Jordan, and Holt with respect to Plaintiff's alleged false allegations in arrest warrants as set forth in Claims 2, 3, 13 and 16;

---

[1] In the Order consolidating the cases, in an effort to streamline matters, the Court terminated as moot all then pending motions. (ECF No. 127). The Court further directed that no further motions be filed until the Court has the opportunity to screen the new complaint. *Id*. The Court noted "[i]f Plaintiff submits anything other than the amended complaint the **Clerk is directed not to file it** but instead to seek further instruction from the Court." *Id*. (emphasis in original). Based on that language, before the Court screened the Third Amended Complaint, the Clerk was directed to return nine (9) proposed pleadings to the Plaintiff. (ECF No. 129, 140, 143).

- Fifth Amendment claims against Defendants Shrum, Jordan and Holt with respect to the questioning of Plaintiff as described in Claim 4;

- Freedom of Information Act (FOIA) claims pursuant to Arkansas Code Annotated §§ 25-19-101, et seq., against Defendants Holt, Rutledge, McElroy, and Jordan with respect to Plaintiff's allegations that Defendants prevented his FOIA requests as set forth in Claim 5;

- Failure to Protect claims against Defendants Cruz and Guerrero with respect to Plaintiff's allegations that he was assaulted by inmate R.B. as set forth in Claims 6, 8 and 12;

- Failure to protect claims against Defendants Brady and Allen with respect to Plaintiff's allegations that he was assaulted by inmate R.B. as set forth in Claims 9 and 12;

- First Amendment retaliation claims against Cogdill, Jordan, Adams, Holt, Guenther, Rutledge, Brady, and Cobb with respect to Plaintiff's allegations that he was retaliated against for filing grievances as set forth in Claims 10 and 11;

- Fourth Amendment claim against Defendants Jordan and Shrum with respect to the alleged illegal search of Plaintiff's phone and alleged false statements in a search warrant related to Plaintiff's phone as set forth in Claim 14; and,

- Fourth Amendment claim against Defendant Jordan with respect to the alleged illegal search of Plaintiff's twitter account and alleged false statements in a search warrant related to Plaintiff's twitter account as set forth in Claim 15.

(ECF No. 144 at 10-11).[2]

On January 14, 2021, following the Court's review of Plaintiff's Motion for the Court to Accept the Attached Declaration in Support of Klingensmith (ECF No. 170), in which Plaintiff asked the Court to "accept" a declaration signed by Gary Klingensmith "to be used as evidence to support the claims with the listed complaint," the Court again directed the Clerk to allow the Court to first review any future documents submitted by Plaintiff before filing to ensure the proposed pleadings comply with the Federal Rules of Civil Procedure. (ECF No. 173). Pursuant to that Order, on February 2, 2021, the Court instructed the Clerk to return three documents to

---

[2] Defendant Shrum was dismissed without prejudice on December 7, 2020, because an accurate service address was not provided by the Plaintiff and was otherwise unavailable to the Court. (ECF No. 167).

Plaintiff unfiled, as the Court determined the proposed pleadings were not appropriate for filing under the Federal Rules of Civil Procedure. (ECF No. 183). Plaintiff was further instructed that nothing further would be accepted for filing at the time except for Plaintiff's response to a pending motion to dismiss. *Id*.

On April 7, 2021, and pursuant to its February 2, 2021 Order (ECF No. 173), the Court again directed the Clerk to return several documents to the Plaintiff marked "Returned Not Filed" as the documents were found to be inappropriate for filing as they pertained to matters irrelevant to the lawsuit and were not proper pleadings under the Federal Rules of Civil Procedure. (ECF No. 188).

Motions for summary judgment were filed by the Defendants on May 7, 2021, and May 28, 2021. (ECF Nos. 195, 199). On August 23, 2021, the Court granted the Benton County Defendants' Motion to Strike or, in the Alternative, to Reopen Discovery and for Extension of Time to Reply to Plaintiff's Responses to Benton County Defendants' Motion for Summary Judgment (ECF No. 215). (ECF No. 218). In the Order granting the motion to strike, the Court noted that Plaintiff's pleadings at issue (ECF Nos. 212, 213, 214) did not comport with the requirements of the Federal Rules of Civil Procedure. (ECF No. 218). Plaintiff was given specific instructions and an additional time period for filing pleadings responsive to the Benton County Defendants' summary judgment motion. *Id*.

On August 27, 2021, the Court again instructed the Clerk to return documents submitted by the Plaintiff for filing. (ECF No. 219). The documents ordered returned to Plaintiff were titled: "Motion as to Accept Plaintiffs Summary Judgment Response and Allow Plaintiff (Him) to Explain the Opisthognathous[3] Result of Defense Counsels Opprobrium[4] Thought Process!!,"

---

[3] According to Merriam-Webster, the definition of "opisthognathous" is "having retreating jaws." *Opisthognathous,* MERRIAM-WEBSTER.COM, 2021, https://www.merriam-webster.com (Dec. 3, 2021).

"Brief in Support of Motion to Accept Plaintiffs Summary Judgment Response and Allow Plaintiff (Him) to Explain the Opisthognathous Result of Defense Counsels Opprobrium Thought Process and How Plaintiff Mentally Exposed Needed Evidence While Held in a Cell Within BCDC," and "Oral Demonstration as to How Plaintiff Triangulated the Defendants While Inside of BCDC and Predicted the Moves of JaNan Arnold Thomas." The Court further noted that the proposed pleadings and exhibits were forty-one (41) pages long. (ECF No. 219).

The instant Motion for Sanctions was filed by the Benton County Defendants on September 15, 2021. (ECF No. 223, 225). The exhibit to the Motion was filed under seal for *ex parte* review. (ECF No. 224). Plaintiff responded to the Motion for Sanctions on November 5, 2021. (ECF No. 231, 232).

## II.  LEGAL STANDARD

According to the Supreme Court, "[c]ourts of justice are universally acknowledged to be vested by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)).  However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Schlafly v. Eable Forum*, 970 F.3d 924, 936 (8th Cir. 2020)(quoting *Chambers*, 501 U.S. at 44-45).

The inherent powers include the "'power to punish for contempts,' which 'reaches both conduct before the court and that beyond the court's confines.'" *Isaacson v. Manty*, 721 F.3d 533, 538 (8th Cir. 2013)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. at 44). *See also Fredin v. Middlecamp*, 2020 WL 6867424 (D. Minnesota, November 23, 2020)(citing, e.g., *Nguyen v. Biter*, No. 1:11-CV-00809-AWI, 2015 WL 366932 (E.D. Cal. Jan. 27, 2015)(sanctioning *pro se*

---

[4] "Opprobrium" is defined as "something that brings disgrace" or "public disgrace or ill fame that follows from conduct considered grossly wrong or vicious." *Opprobrium*, MERRIAM-WEBSTER.COM, 2021, https://www.merriam-webster.com (Dec. 3, 2021).

litigant for including harassing communications in court filings and messages to opposing counsel); *Blum v. Schlegel*, No. 91-CV-633S, 1996 WL 925921, at *8 (W.D.N.Y. May 9, 1996), *aff'd,* 108 F.3d 1369 (2d Cir. 1997)(sanctioning litigant for sending letters to third parties disparaging opposing counsel and the presiding judge)).  The Supreme Court found the Court's inherent powers to "include the ability to dismiss actions, assess attorneys' fees, and to impose monetary or other sanctions appropriate 'for conduct which abuses the judicial process.'" *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993)(quoting *Chambers*, 501 U.S. at 45);  see also *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980)(recognizing "the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962))).

### III. DISCUSSION

In the pending Motion, the Benton County Defendants accurately state that "[t]hroughout the instant litigation, Plaintiff has bombarded the Court and the parties with irrelevant and vexatious 'pleadings,' leading the Court to strike certain pleadings and refuse to file others." (ECF No. 225).  However, the conduct at the heart of the Motion concerns correspondence from Plaintiff directed to and received by Counsel for the Benton County Defendants on September 13, 2021.  The Benton County Defendants argue that the correspondence, filed under seal as an exhibit to the Motion, "rises to a different level of disregard for the judicial process and human dignity."  (ECF No. 223).  The correspondence, Defendants argue, was harassing and "meant to intimidate and/or make [Counsel] uncomfortable or frightened."  (ECF No. 225).  Defendants further state that the written communication "is filled with inappropriate sexual references and even a pop-up 'card' designed to harass the undersigned" and contains "bizarre and bigoted metaphors" which "attempt to dismiss the role and intelligence of [Counsel] . . . and women in

6

the courtroom generally." (ECF No. 225 at 2). Defendants ask the Court to sanction Plaintiff based on his "outrageous and criminal" conduct.[5] Defendants argue that the matter should be dismissed and that Plaintiff should be barred from any future attempts at direct contact with Defense Counsel Thomas for any purpose. (ECF No. 225 at 4).

Plaintiff's response is defensive and unpersuasively argues concerning the "amount of hardship" he is under as an imprisoned *pro se* litigant. (ECF No. 232). Plaintiff states: "I'm sure that the Court recognizes that defendants and counsel 'somewhat inexplicably' failed to stand on the bar of justice that is to be given all individuals; and even those behind the 'thin blue line' will abuse their power to obtain such results as within this case." (ECF No. 232 at 3). Plaintiff further argues that he "never persisted with a roaring illegal or unlawful intent to harass, cause delay or threaten anyone." (ECF No. 232 at 5). In addition, Plaintiff attaches "Exhibit A" to his response with an attached note that the Exhibit is "meant to apologize and is a true expression of care;" further stating, "I'm really sorry if I truly offended her." (ECF No. 232 at 7). Plaintiff's Exhibit A appears to be speaking directly to Defense Counsel and in it, Plaintiff continues to be condescending to Defense Counsel, and repeatedly states *purported* consolations such as: "if we had met under different circumstances, you would/might have reacted in a positive manner" and, "I was trying to protect you . . . so that you could build a defense around yourself . . . so you could protect your reputation and possible career." (ECF No. 232 at 6). Plaintiff then takes "responsibility" by stating: "[m]aybe it is my fault, for thinking and believing that you were a caring person, that only had intentions to do what was right and just. Or just maybe this is why I see to befall for a female who steals, lies and cheats." *Id.* at 7.

---

[5] Defendants argue that Plaintiff's conduct constitutes criminal activity under Arkansas law, specifically § 5-71-209 of the Arkansas Code Annotated. (ECF No. 225).

The Court believes no additional examination or explanation is required of this wholly inappropriate situation. Defense Counsel should not be subjected to such material, and the Benton County Defendants should not be required to incur attorney's fees or other costs to address the clear inappropriateness of Plaintiff's materials. Accordingly, based on the Court's inherent powers to sanction, it is recommended that the Motion for Sanctions be granted and that, as sanctions, Plaintiff be ordered to pay the amount of attorney's fees and costs incurred by the Benton County Defendants in the pursuit of the Motion for Sanctions. In order to fix that sum, Counsel for Benton County is directed to file, under seal, a statement of associated attorney's fees and costs for the District Court's review and consideration when fashioning the sanction.

It is further recommended that if Plaintiff fails to pay the ordered sanction within thirty (30) days, that this matter be dismissed in its entirety.

## IV. CONCLUSION

For the reasons and upon the authorities discussed above, it is recommended that the Motion for Sanctions (ECF No. 223) be granted. It is further recommended that, as sanctions, Plaintiff be ordered to pay the amount of attorney's fees and costs incurred by the Benton County Defendants in the pursuit of the Motion for Sanctions. Should Plaintiff fail to pay the ordered sanctions within thirty (30) days, it is recommended that this matter be dismissed in its entirety.

Counsel for the Benton County Defendants is hereby directed to file, under seal, a statement of associated attorney's fees and costs for the District Court's review and consideration. The statement of associated attorney's fees and costs should be filed within fourteen (14) days from the date of this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE