Klingensmith

United States District Court

v.

Western District of Arkansas

Cruz, [and counsel] no: 19-5185 / 20: 5015
etal.

Cross Motion For Sanctions Requested Herein
and at ECF. 227 / In Addition to The Motion
For Objections to Report and Recommendations
Pursuant to 28 U.S.C. § 636 (b)(1)

Comes now, plaintiff Tyler Klingensmith, a pro se
litigant, to request that this proposed motion and brief with
attached documents be accepted, filed and acknowledged
in their entirety. The Honorable Timothy L. Brooks,
U.S. District Judge, referred this case first, to the U.S.
Magistrate Judge, Erin L. Wiedeman. Through-out the
course of litigation, the case was transferred to Christy
Comstock, U.S. Magistrate Judge, for the purpose of
fairly adjudicating this case upon the merits and to
make a Report and Recommendation.

Plaintiff filed a Summary Judgment Opposition and
requested relief; for criminal and financial sanctions against
named defendants, pursuant to 56(e)(4) Fed. R. Civ. P. (ECF 227)

Wherefore, plaintiff requests that his objections are
respectfully accepted and viewed as what they are; and presented
with the intentions thereof; and not what they "could" be seen as; a
"rise[] to a different level of disregard for the judicial process and
human dignity." (ECF. 233 & 6)   Cordially,        170977

12-15-21  7206 W. 7th Pine Bluff, AR 71603    T. Klingensmith

Klingensmith    United States District Court

v.              Western District of Arkansas

Cruz, [and counsel]    No: 19-5185 / 20:5015

et al.

Brief in Support of Cross Motion For Sanctions Requested
Herein and at ECF 227 / In addition to the Motion
For Objections to Report and Recommendations Pursuant
to 28 U.S.C. § 636 (b)(1)

I. Background and Discussion

A.    At the time, April 24th, 2020, (ECF 127) an order was issued, the
Court noted Plaintiffs claims were difficult to "construe and contained
unecessary verbiage" (words of "excess", but not abusive); (ECF 126), Court
then directed plaintiff to file one amend. Complaint, consolidating two
cases. (ECF 127 at 1-3). Allowing a minimal of two (2) days for the mailing
of this "Order" unto plaintiff, April 27th 2020 receipt of, would be the earliest
the "Order could" have been received by plaintiff.

On April 30th 2020, the Court received five (5) motions from the plaintiff
and "return[ed] those" motions — minus fourteen (14) pages of attached
exhibits — unto the "plaintiff with a copy of the Order" from receipt of said
motions.① (ECF 129 at 1-2). A third amend. complaint, on May 14th, 2020, was
filed (ECF 135), and done so timely and to plaintiffs best ability, at the time,
and during an "out of policy" behavior control, by officers who were termin-
ated for such conduct.②

─────────────────────────────────────────────
① Based upon logistics of said motions and orders; in congruence to the applicable timing
with the U.S.P.S. (Postal service) and any reasonable delay, in culmination of drafting
said five (5) motions, it would and could be easily drawn that plaintiff drafted and
sent said motions, prior to the April 24th, 2020 (ECF 127) "Order" was received by plaintiff,
noting "[i]f plaintiff submits other than ... Clerk is directed to not file it." - plaintiff sent them[ motions] 4-27-2020

Following seperate defendants motion "to Strike Plaintiffs' Third Amended Complaint", plaintiff filed a response to the motion and explained that "plaintiff set forth" the claims to the "best of his [current] ability" and it was based on the "evidence". (ECF.140) Prior to discovery was engaged; and immediatley following the filing of the Third Amend. Complaint, BCDC and Counsel, sought a stay on discovery. (ECF.133, 134) Plaintiff filed a motion to "Strike First Motion to Stay discovery". (ECF.136) In addition, the motion requested that [the] "all defendants" submit a copy of "all filed motions" unto the plaintiff, due to Sara L. Monaghan, Janan Thomas and Amelia C. Fuller; failed to provide "Answers" and the entire discovery requested as by plaintiff. (ECF.137). The Court then struck these two motions from the record, "pursuant to the Court's Order" and directions unto the clerk. (ECF.140)

Thirdly, plaintiff filed a motion to add exhibits to [ECF.59] Response to First Summary Judgment motion filed by plaintiff. (ECF.165) Within said motion, a declaration signed by Inmate "Varner" testified that while at work, Varner was pushing plaintiff from behind and plaintiff was written a desciplinary for "interupting inmate workline"; and found guilty eventhough Varner admits to himself causing such actions. In addition, he testified that plaintiff has been continually harrassed by (NCU) North Pen.Unit Security and it is over plaintiffs legal mail or exercises, of such constitutional rights. (ECF.165 at pg. 2-11)

② At attached exhibit O , Mr.Martin testifies that Cpl. "Van and Dykes placed" plaintiff on behavior control." for three (3) days before [plaintiff] was seen… on 5-3-20 [Klingensmith] was removed from general population… [plaintiff] complained of not having his legal mail or ability to respond to several deadlines. [he] complained of not being able to see without glasses (ECF. 197 @ 12-13-19 )… and couldn't respond… properly to his deadlines within this court." (signed on 7-25-20 • Mr.Martin has been released

B.   On Dec. 7th 2021, the Court set a "Revised Scheduling Order" and ordered "all discovery in this case must be completed by April 7th, 2021." (ECF 166 at C.). In addition, the Court ordered if "any video footage"... is returned to defense counsel... Counsel shall provide a copy of this order to the... official and this order SHALL serve as authorization for the plaintiff to view the video." To further demonstrate the total disrespect upon this Court, the order demanded, "Defendants SHALL provide plaintiff with... video footage... referenced in the Plaintiffs Complaint... by January 21st 2021." (Id. at A.)

As a further antagonistic tactic to defy the Courts Orders in ECF. 166 at A. Counsel, Ms. Thomas, delayed sending the video at ECF 206 (A-7), unto plaintiff, until June 1st 2021, defying the January 21st, 2021 deadline set out above. Plaintiff had to file a motion for "Extension of Time to Respond to [99] Motion for S.J." because the "participants" and "Counsel", worked together to subvert the plaintiffs ability to properly rebut and refute BCDC Defendants S.J. Motion (see plaintiffs "Disputed Facts" at ECF 227, pg. 7, A 32-48). Not only did Counsel Thomas defy the order but when she received the alleged notice from AOC on July 16th, 2021, she refused to provide a "court order" mandating review of the footage, but purposely delayed until plaintiff filed a motion exposing such conduct. (ECF 208 at pg. 1-7); (see Exhibit A-2, attached herewith). The request was sent on June 9th 2021, and responded to, by Major Davis on June 11th 2021, after receipt of request by Cudeay on June 10th 2021. The request indicates that plaintiff was notified that a "video" is at NCU, of the second assault; that seems to explain, that the law library takes "forever" to make [copies] in the request and violates "privacy laws" by method of transportation to the law library. On the day of June 11th, 2021, AOC (Major Davis) contacted HAC (Thomas) because the video "would not play".


## II. Background and Further Discussion

A. On May 28th 2021, BCDC defendants and Counsel (Thomas) filed a motion for summary judgment (ECF. 199), after Ms. Thomas conducted a deposition upon an inmate at NCU, concerning claims of due process and Ad. Seg. holdings of this inmate during the time of Feb. – Sept. of 2018. During which, Ms. Thomas met with medical staff at NCU, and "reviewed plaintiffs medical file" with Ms. Hall, D.O.N. West and Ms. Lake (see ECF 192 – medical records) and spoke with three (3) security staff, at NCU, about interfering with plaintiff's legal mail pertaining to this suit; and other conduct.

On August 23rd 2021, the Court received plaintiffs motion described at ECF. 219 (see attached exhibit F    ). The Court then granted BCDC defendants "Motion to Strike..." and noted that plaintiffs pleadings at issue (ECF. 212, 213, 214) did not comport with Fed. Rule of Civ. P.; but did not explain the exact issue that caused such ruling nor did the Court identify the specific Rule or if the plaintiff "mis-construed" Rule 56 for Summary Judgment. (ECF. 218).

After a four (4) day holding of plaintiffs motions (ECF. 219), the Court instructed the clerk to return the submitted documents as to plaintiff. On Sept. 7th, 2021, a "package" was sent to Counsel (Thomas), and on Sept. 8th 2021, Counsel received the package; containing three (3) items: 1) a "letter"–the one in question; 2) A pocket from ADC, received by plaintiff–laid upon his bed by security – for "Transgender Rehabilitation"; 3) a card that includes the words, "Prison taught me the difference between a Harden ho and a Dope ho" (see attached exhibit L, L-1 – Memorandum for disciplinary appeal)

III.(a) Additional Background with A Clear, Concise and Accurate Discussion

A.    On <u>Sept. 7th, 2021</u>, plaintiff mailed out <u>ECF 222</u> (dated 9-5-21),
but the package was held up by security within NCV until <u>Sept. 9th</u>
2021, the same day that Counsel Thomas received the "letter" and
other contents in question. (<u>ECF 222 @ pg.#2</u>); (received by <u>Court clerk</u>
<u>on 9-13-21</u>). This motion, as well as <u>ECF 222-1</u>, was held until
(<u>9-15-21</u>) <u>Sept. 15th, 2021</u>. Plaintiff was requesting a "<u>Brief Extension</u>"
of time to "<u>verify, newly, discovered</u>" facts and an additional Five
(5) Pages for S.J Opposition (<u>ECF 222-1 at pg. 1-2</u>). This extension was
required to confirm or deny, if Defendant Robin Holt is/was a
"<u>licensed bondsman and currently, holds this status</u>," (<u>Id @ pg.#1</u>), and
these allegations "<u>directly relate[s]</u>" to the legal claims and/or facts
and legal arguments set forth within the complaint and the
"<u>BCDC defendants S.J. motion</u> (<u>see ECF 135 @ claim # 2,4,3,13,16</u>)

   This motion was only filed after plaintiff was locked within Ad.
Seg., for a misconduct report, directing and stemming from this "letter"
and defense counsels emails to NCU staff. (see exhibit L, L-1 attached).
<u>ECF 223</u> - "Comes now the Benton County, Defendants AND the undersigned
counsel, and for their motion for Sanctions, do state the following," @ pg.#1)
   Counsel then deliberately mislead the court, so as to lead the
plaintiff into a belief and inability of plaintiff to connect Counsels
parallel conduct with NCU staff, so they could purposely intercept,
frustrate, impede and dilute the plaintiffs ability to set-forth
accurate facts, so it would "chill" the plaintiff; and force plaintiff
to "Give Up," his current and future prosecutions that has now
relieved dozens of people from their positions of official capacity
for the State and Benton County; and to cover-up the initial
conspiracies set-out within this case and 19:6126 - Mark E. Ford.

Finally, the Court "Granted" plaintiffs motion. (ECF.222). The Court set specific parameters for plaintiff to meet and stated that "All Statements and arguments in Plaintiffs responsive pleadings must directly relate to the remaining claims in this matter and must relate to Defendants' arguments in favor of summary judgement. ②

B.    Plaintiff wants to leave the Courts' "Background" review with the most egress as possible, as a defense to such egregious conduct setforth: On January 11th 2021, a motion for the Court to [A]ccept a declaration in support of plaintiff. (ECF.170) The Court "struck" this motion from the record because, the Court determ[ed] that it "will not entertain any future motions or 'documents' that are not authorized under Fed.R.C.P." As well, the Court instructed the Clerk "to allow the Court to review any future documents.. before they are filed to ensure they comply with this requirement".. the Court made this determination after "being well and sufficiently advised", but based on either erroneous information or because of dis-belief unto the plaintiff, made this order and "personally offended" the plaintiffs' father and entire family (ECF.173 @ pg.1-2); (ECF.224 Plaintiff Family at pg.#5 of "letter"); (see ECF.211 @ Exhibit D, P and Q @ pg.#112 thru 119 and supporting documents); (see ECF.227 @ pg.#13, ¶ 83-90)

② This "verbiage" is of great importance, at the time, defendants and [C]ounsel had a pending motion "based on the [alleged] outrageous and criminal conduct" of plaintiff, and "ask[ed] this Court to issue sanctions... deeming the Defendants' Statement of [[Disputable Material Facts [[admitted".. or dismissal of [my] case". (ECF.225 at pg.#4). This mandated a response to the pending motion [W]ithin the S.J. Opposition filed by plaintiff. (ECF.227-28) But, due to the well choereographed actions of NCU and Counsel, to deny plaintiffs due process yet again, plaintiff was "unable to and not allowed to use the telephone" to confirm "newly discovered facts" at ECF.222 (ECF.231 @ 3-4)

In what the plaintiff perceived as a sedulous attempt to not allow info., through subpoena, of Briana Strongs criminal history or arrests and convictions, that of directly relates to claims # 2, 3, 4, 16; and would bring forth a higher amount of credibility as to plaintiffs' testimony (ECF. 190       ) and is relevant under Fed.R.Civ.P.. The Court denied three (3) motions on January 14th, 2021;

• A NCIC background check of Briana Strong and plaintiffs criminal history;

• A request of the Parole Board to produce the protest letters filed by several individuals on January 5th, 2021; in which a parole protest "letter" sent by Kaley Schwab is of the initiating factor and most credulous testimony given to Kaley, as it pertains to this suit and claims, filed on July 17th, 2019, at plaintiffs first parole hearing. (ECF. 80-85; case # 20: 5015 D ECF 12)

On April 7th, 2021, the Court only returned one (1) document, "Motion to Depose Kaley and Gloria Schwab - and Douglas Baxendale on the same day" but for a third time, the Court found, plaintiffs "motions to be inappropriate for filing as they pertained to "Matters irrelevant to this lawsuit." under the Fed. R. Civ. P.; With no explanation as to what RULE, yet again. (ECF 188); (plaintiff also included proof of his $1,400 stimulus check, so as to pay for the cost of deposition)

Note: This date April 7th, 2021, was the deadline to engage within, discovery, had concluded on this date. (Id)

C.   As if to bring *conception*, to this *immaculate desperation*
to save counsel's reputation and her clients from criminal
impositions," they insulted plaintiffs father by implying that
Mr. Klingensmith met "girls that Plaintiff had relation[s] with in
the past and how" this some how converted into a connection
thereto, as plaintiff "earn[ing] a good living." (ECF 216 @ pg. #4, P1)
    Counsel continues to degrade plaintiff and his team, that-of-
which, has been retaliated against, because of their participation
within this suit; because of the teams good-old-fashioned
investigatorial conduct to setforth the truth, as within ECF 227-
228 (throughout this entire case - and others). By, stating that,
by plaintiffs "own hand", declares that plaintiff "turns the other cheek"..
does all of his legal work, for the betterment of all" as if it is a lie.
(ECF 216, pg. #5, P1; see Doc. 213, pg #72; see other true statements at
ECF 227, pg. 1-6, P1-31). If these facts were considered and seen for
what they are, then the court will acknowledge Jaleen Burnell's
testimony, that of the "C[orrectional] O[fficers] told [his] group (clique)
that Klingensmith was a "Snitch," for bringing corrupt officials to justice.
    Secondly, in an attempt to "turn the other cheek", J. Burnell,
testifies that, "Klingensmith... didn't want to fight because his
children are awaiting him at home"... and "to avoid this physical
alforcation".. "Klingensmith went to SGT Hunt and was then locked-
up (thrown in Ad./solation) because of a false disciplinary."
(see attached exhibit @ Z-6; exhibits I, J, K thru K-1); (see Courts
acknowledgment of false disciplinary, thrown-out, due to insufficient
evidence at ECF 217, pg. #2-3). Lastly, J. Burnell is sorry "for his conduct,
and wants to "set the record straight," and that plaintiff "is not scared to fight,"

Counsel, Ms Thomas (undersigned) further attacks the plaintiffs honest, truthfull; and setforth with a strong basis in fact and law, "pleadings;" By insinuating that BCDC defendants, stated under oath, true facts, that are in line with the "professional standards of government officials, within their Summary Judgment Motion. (ECF 199 ; 205-1 ⊙ PP1 - J. Adams        ). [Counsels] pleadings are deficient in many ways. Pursuant to Rule 56 of the Fed. R.C.P. [counsel] [has] not set forth or clearly stated [in all honesty and truth - or even-to the best of their knowledge, after a reasonable inquiry is made]- each claim or defense - or part of each claim or defense - on which summary judgment is sought." Fed. R. Civ.P. 56(a) ; Fed.R.C.P 11(b)

In addition, according to Local Rules 7.2(a) and 56.1(a), requires that all motions be accompanied by a brief consisting of a concise statement of relevant facts and applicable law. and copies given to all other parties. With her submissions on Sept. 15th 2021, (ECF 220; 223) Counsel never submitted a motion or brief as to plaintiff after filing with the court, so to give herself a "headstart." (quoting ECF. 216, pg. #7, PP1) and deny plaintiff due process. (emphasis added by Counsel Thomas)

As stated above, Counsel never submitted, no-credible "cert. of service", on September 15, 2021, but rather the court sent a copy of all "pleadings" unto the plaintiff out of an "abundance of caution", due to plaintiffs recent transfer. (see ECF. 229 and "text only order" at ECF. 230)

Counsel must need an extended period of time to "decipher, format" and commission plaintiffs labyrith-summary judgment opposition. that clearly and concisely setforth her direct involvement, since

[C]ounsel expressly stated, she was "attempting" to conduct a "reply on behalf of the Benton County defendants"; but even after plaintiff reconstructed the S.J. Opposition, unto her requests, as by the Courts Order (under the limitations of pages and other requirements), undersigned (Ms. Thomas) inexplicably failed to file a reply within the specified time period. (ECF 216, pg.# 8, TP4, Section. D); (see plaintiffs exact, precise, and only five(5) abbreviations with exact definitions as to each one; ECF. 227) and plaintiffs "Brief in Support", that implicates undersigneds direct involvement to commit dozens of civil rights violations and:

* Stalking in the First Degree : A.C.A. 5-71-229(a)(1)(C); (Class C felony)

* Kidnapping A.C.A. §5-11-102, "without consent, the person restrains another... to interfere substantially with the other persons liberty with the purpose of:(1) Holding the other person for:

A) Ransom ; (B) Any other act to be preformed or not preformed for the other persons release" from BCDC;(3) "Facilitating the commission of any felony;(4) Inflicting physical Injury;(5) Engaging in... sexual contact;(6) Terrorizing the other person;(7) Interfering with the performance of any governmental... function," (Class Y felony)

* Conspiracy to Commit A.C.A. § 5-13-201 (a)(1); (a)(2); (a)(3); (a)(4)(i) — (a)(4)

(A) "Acting alone or with one(1) or more other persons: the person commits or attempts to commit a felony;(1) the person or accomplice causes serious physical injury to any person under circumstances manifesting extreme indifference to the value of human life" (see ECF. 227 entire docket/ and 228 ); (See ECF. 211 ☉ ); (exhibit herewith P and Q)

## IV. Pending Motion and The Legal Standard

A.  Although the Supreme Court gives great difference to the lower courts and their discretion, "[T]he power to punish..is inherent in all courts." Robinson Supra at 510, and the "[U]nderlying concern that give rise to the power was not..merely the disruption of court proceedings; Rather, it was [for] "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of TRIAL." Young v. United States rel. Vuitton et Fils S.A. 481 U.S. 787, 797 (1987), and is imposed for "tampering with the administration of justice" (i.e./e.g. the trial is a "bridegroom" and is not to be deminished). [and] for "wrongs against the institutions set up to protect and safeguard the public." Hazel Atlas Glass v. Hartford Empire, 322 U.S. 246 (1944).

Sanctions should only impose Rule 11 violations, if specific conduct is used or omitted, in "that fraud has been practiced upon it"... and a *transcendence of vicarious relativity*.. has defiled "the very temple of justice." Universal Oil, supra, 328 U.S. at 580.; (Hutto, 437 U.S. @ 689 n.14 - show[s] bad faith by disrupting the litigation."[and].."hamper[ed] the enforcement of a court order"); (Pope v. Federal Exp. Corp., 974 F.2d 982 (8th Cir. 1992); plaintiff who sent sexually graphic and life threatening letters -10 of them in 4 mths.- did not have a reasonable, legal or probable cause for such letters) see Nelson v. Eves, 140 F.Supp.2d 319, 322-23 (S.D.N.Y. 2001); Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (dismissal of case reserved for "Extreme" Circumstances only)

Sanctions, to support the financial privileges of counsel should only be levied, if the plaintiff has abused the court system. Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997) (completely frivilous actions, should be fined). A sanction should only be exercised if the plaintiffs "claims" or omission of papers, "mis-represent the facts to the court; or the claims or actions of said violator, can offer "no factual support" as to the defenses or tactical presentations or the ability to present said claims filed within complaint, so that a party can freely and fully present the "Major Disputes" (constitutional violations at hand) within said lawsuit. Joiner v. Delo, 905 F.2d 206, 208 (8th Cir. 1990); see Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993)

In addition, "[a] party may not be held in contempt unless 'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." E.E.O.C. v. Local 638, Sheet Metal and Air Conditioning Contractors, 81 F.3d 1162, 1171 (2d.Cir. 1996) (quoting United States v. Local 1804-1 Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d.Cir. 1995)) The Court need not have specific findings of "oppressive, vexatious, or bad faith" to bring forth sanctions, the "findings of impermissible and unethical conduct are sufficient." Roadway, 447 U.S. at 767, 100 S. Ct. at 2465 (quoting Harlan v. Lewis, 982 F.2d 1255, 1260 (8th Cir. 1993))

B.     Moreover, in Nelson v. Eves, 140 F.Supp.2d. 321, the court was notified of "handwritten invendo-letters" sent to the [AAG], while Nelson was housed at "Mary Hospital" and evidence suggests the possibility of psychiatric illness. The Court immediately issued an order to show cause for the letters:

over nine (9) letters stating; "send me a copy of the HIV results... I wanted to use it as evidence to show a young lady.. so I know I'm safe if I decide to go raw"; "Listen, you is a bad motherfucker"; "How are you doing sweetheart"; "Love you, baby"; "I should kill you, but I won't"; "Your too bold... the brave always dies first." Id Nelson v. Eve, 140 F.Supp.2d. 319, 323-325 (SDNY 2001) @*2-3; pursuant to 28 U.S.C. §1915 (e)(2)(B)(i) and the inherent power:

Nelsons respons was: "Me and the [prior AAG] has been secretly communicating through our letters about this case or should I say through this case... She was playing with my mind... So I'm a leave that alone"; The Court found Nelsons testimony intelligent, responsive and completely cognent. Therefore, Nelson knew exactly what he was doing – harrussing, intimmidating and bringing about fear unto the Counsel; and his letters had no relation to the claims, nor could he produce a "cause for the letters" or even some type of reliable and factual support to his claims. Nor was their a tactical use for the letters, that would alleviate some type of physical or mental anguish brought about to himself, by the prior AAG and his "holdings" at Mary Hospital.

C.        Within the pending motion and attached exhibits, plaintiff did not "bombard the Court and the parties with irrelevant and vexatious pleadings", (see n-tire latter); over five (5) motions were prepared and sent before any notice was given to plaintiff, as from the court; the Court "directed the Clerk" to not file any further motions, as by plaintiff, and never expressly or implied, that plaintiff violated any "identified orders"; the [C]ourt refused to file and/or struck motions that, after "being well and sufficiently advised", therefor considered plaintiffs fathers" (Gary Klingensmith) declaration an "entertainment]" and "not authorized under Fed. R. Civ. P." (Id @ ECF. 170, 172; pg. #5-7 herein)

V.   The Triune Demonstration as to the Papers-In-Question (Not to Be Mis-Construed and to be Understood as Expressed)

A.      First, as the court (Judge Minor) and "Golden Ticket" of SGT (cross) acknowledged [herself], no direct threat, insolent" or inappropriate phrase or ("quote") aggressive and DIRECT sexually suggestive statement could be identified as within the letter, (see exhibit attached L and L-1

      Plaintiff expressly stated, "I was sending her some evidence that could be used" (as for plaintiff), and "there is no threats made"... and "the card was in reference to my wife" (exhibit L and L-1)

      Plaintiff, throughout the instant litigation, has had to protect every piece of evidence and expose those who were purposely interfering with this litigation, by mail and disciplinary actions. (exh. C)

The letter itself is about as clear as any of the affidavits in question within this suit. Everytime, plaintiff would "call" Kaley, within the affidavits, and leave a ~~for~~ voicemail, it was "to give an advance notice, so that [plaintiff] could adjust his standing", as to what M. Jordan was attempting to orchestrate against plaintiff. In a hopes to clarify that of, "my standing within the argument if need be... the argument of another individual (Brian) committing to acts... because "I [knew] that" no matter what I said, it would be used against plaintiff. (Mis-Construed) see ECF. 230², exhibit A, P1

In addition, the dates (see disciplinary appeal-letter sent from NCU on 9-7-21, so Ms.Thomas received it on 9-9-21 and not 9-13-21; compare with exhibit G_____, sent on ~~9-9-21~~ and received by the Court on "~~9-13-21~~ 11-9-2-3-21), acts and even when plaintiff would attempt to notify staff at NCU, so as to avoid physical altercations, were being "purposely misconstrue[d]". [Any] real words of/and statements of affirmation, that of which brought us to this very point." (Id. ECF. 230², Pg. #3, P3); (see exhibit(s) ECF. 165-statement of Varner, and pg. #2, P2 herewith; exhibit C herewith; exhibit J, K, herewith-J. Burnell and disciplinary that was thrownout) were all being Flipped-as-to-the-truth, in an/a Mirrored attempt to cover-up and interrupt with the plaintiffs testimony within this court and 19:6026- Mark E. Ford (see grievance of NC-20-00432 and declaration of David Martin-herewith-plaintiffs "Assault and Insolence" charge of 5-7-20 can be seen on ADC. government website)

B.  This is why the time has come, as the problems of penal institutions [have] changed and correctional goals... are in need of a makeover so to be "reshaped" into a fair "balance of [all] interests involved". and in the [plaintiffs] current environment we cannot... continue to "ignore the desires and efforts] of many States... and the federal Government" as to the claims setforth and allow such "avoid[ance] in situations that may trigger deep emotions and the process as a rehabilitation vehicle". (quoting Wolf v. Mc Donnell, 418 U.S. 539, 568 (1974) - prison disciplinary proceedings and the Due Process protections); (citing ECF.230 @ pg. #3, ¶1)

V.(2)  The Second Part of the Triune Used as a Demonstration of Counsels and BCDC Defendants; Can-Not Rely on Their Defense of Plaintiff "Voluntarily" (signing) Giving Into Plea Statement, Based on The Purposely Mis-Construed Words Placed Within The Affidavits In Question - Claim(s) 16

A.  Given the claims at issue, 2,3,13,14,15 and 16, the Fourth Amend. Claims, as the Court has construed them, shall not be dismissed or sanctions levied upon plaintiff, for a Rule 11 violation or pursuant to Heck v. Humphrey. In essence, both parties (ECF. 195 and 198), contend that plaintiff "plead guilty and was convicted of the charges based on and resulting from the affidavit and warrant at issue." (Id. @ ECF.195, brief in support, pg. #4, ¶1)

Defendants rely on Heck, 512 U.S. 477, 486-87 (1994), but this argument does not retrofit the facts plaintiff has setforth. [C]ounsels attempt to use this as a reliance immunity, and as by defendants persuading or intimidating plaintiff into signing a plea of guilty to said charges, based on introposed paper (aff'ds), resulting in plaintiffs conviction, is unfounded.

If the Court upholds such a defense, it contradicts and disproves defendants current argument in question, pending motion; and their reliance of said "correspondence—meant to intimidate or make [counsel] uncomfortable or frightened". (ECF 225; quoting ECF 223, pg #6, PP2). The "correspondence", that parabolically brought about the "intromiss[ive]" response of counsels pending motion, that she interposed into the record, brought about by the non-interposed correspondence—only proving that "submission" (plea of guilty) to alleged conduct of this plaintiff, (allegedly committed), is non-senible as by introposed paper (affidavits in question) filed by defendant Jordan and with R.Holts assistance. In all, if interposed paper, sent one time, could cause one to submitt to the will of another, Counsel would not have filed her pending motions at 220, 223 and 225. (Contra to Nelson v. Eves—plaintiff sent ten (10) letters in four (4) months) Andrews, 895 F.2d at 1482 (sexual harrassment must detrimentally affect a reasonable person of the same sex as the victim) considering the comments sufficiently severe or pervasive to alter a condition of employment and create an abusive working environment" quoting Ellison v. Brady, 924 F.2d 872, 880 (9th Cir. 1991) see ECF 233 "Other Orders/Judgments"- Docket Text page – Jallan Thomas @ jthomas@arcounties.org is still present – didn't resign from case !!!

B.   Thus brings plaintiffs alleged and proven complaint to fruition; for the defendants conspired to and acted within an "event", [that-of-which], the major disputes,[that] qualify as one of national importance", is well past conceivable. Ponte v. Real, 471 U.S. 491, 323, n.21, 105 S.Ct. 2192-n.21 85 L.Ed.2d 553(1985); quoting ECF. 230, pg. #4 ("Reversing the argument docket" for cases of truly national Import would go far toward alleviating any workload problems allegedly facing the court")

"For the Courts place higher values on the rendition of an advisory opinion, that of one such as Ms. Thomas, then on the virtues of judicial restraint, [now that she [counsel] has been criminally implicated]. But, contrary if she was named as a [criminal] defendant." (See e.g. ECF. 211, disputed facts - last 20 - of plaintiff); (quoting ECF. 230 at pg. #4, P3)

In sum, not only does this point demonstrate the "lack-of-letters", combined with counsels filed response, the latter stated above but, it confirms the credible argument of plaintiffs at ECF. 210 - "Brief in Support", that of, "how and why.(defendants Jordan, Holt and others) How, they continued to interpose the false affidavits over the eight(8) month period, so as to carry-out each plead and proven claim; to mislead the investigation, in a hopes to retain the plaintiff, as long as possible, but within nine(9) months (or release without bond-Ark.R.Crim.P. 28.1(a)        ), with the intent to cause the "results", as described, within the claims.

V (3)   As to The Spirit of Plaintiffs Third Factor, Plaintiff, In His Attempt to Identify and Connect the "Moves of [Counsel]" as to NCU and With the Intent to Separate Plaintiff as From the Continued "Cover-Up" Activities

A.   As identified within the above background and discussion, throughout plaintiffs litigation (two years), plaintiff has been written disciplinaries when "attempting to send out legal mail" related to this case, while his alleged "unreasonable behavior", while plaintiff resided within a wheel-chair, (see ECF 192 pg.#8, 12-17 and) and to no avail, continued after notification unto the Director of ADC, Dexter Payne. (see exh.C)

Even when counsel "did not follow Fed.R.Civ.P. or Ark.R. Civ.P." plaintiff still "sent [his] discovery" unto Ms. Thomas, in-order to "protect [her]" and to identify, guarantee, that when she received it on April 22th, 2021, SGT Glen at "NCU" told plaintiff, "Do you really think a jury will believe you, even with her discredited and your evidence, it looks as if you "taxed her-ass" for a car. (referring to plaintiff selling her a car). Plaintiff linked this to Ms. Thomas receiving the package, not only by the timing, but also plaintiffs father, (declaration) sent through plaintiff, and received by counsel, was the only evidence that divulged such facts. (ECF 230, pg.# 7, P2; ECF 211, pg.#116-119, P4-9); (Glen stated this on April 18, 2021) (see Exhibit A+B- request for discovery after April 7th 2021- close of discovery); (Exhibit B is receipt for discovery sent to Ms. Thomas)

Shortly after receiving the discovery, Ms. Thomas attended a meeting at NCU on 5-26-21, where plaintiff, her and "other staff" (exhibit LoL-1, disposition of hearing), witnessed by myself and told by Cpl.# Mendez, notified plaintiff that Ms. Hall, R. Lake (APN) and Mr. West (Don) were "meeting with an attorney up front", and plaintiff witnessed them return, as I was currently within the infirmary and Ms. Hall had plaintiffs red-file (medical file) in her hand.

Plaintiff then found the inmate Ms. Thomas conducted a peposition upon, and he (confidental source at this time) disclosed unto plaintiff that his claims against BCDC occured in 2018-19 and were on Ad. Seg. and property due process (claims) allegations. ("at least from my position at NCU, from within a barracks, behind glass and over one-hundred (100) yards away - ECF. 230, pg. #8, ¶5)

Furthermore, on May 3rd, 2020, plaintiff was placed within Ad. Seg. (see exhibit N ) and plaintiff personally notified D.W. Pierce "that I have legal deadlines to meet and [staff] refused to provide me with [my] legal material and supplies, (see response of. NC-20-00432); (see exhibit O, pg. #1, ¶P1). Plaintiffs deadline to meet was the filing of the Third Amended Complaint, that the Court decided had many deficient flaws. (ECF. 127; ECF. 144)

As a result of these actions, Cpl.# (at the time - but was SGT. until termination on 9-13-21) Smith (Dakota) and Cpl.# Dykes were both relieved of duty. (Dykes on or about 5-25-20)

Lastly, on (7-2-21) July 2nd, 2021, plaintiff notified SGT Hunt (see exhibit , "SGT Hunt made the statement about inmates that file grievances are in the hole") that, "to avoid a fight", plaintiff "refused to go back into 6 barracks". After that conducted an "official investigation" and "reviewing camera footage", concluded with the "findings", of an "attempt to move barracks" (see attached exh. ) When in fact, this misconduct report was dismissed (exch. ) and done so because "no evidence was provided to substantiate the rule violations" (attached exhibit J-2). To substantiate the claims of retaliation and interfering with a (§1985) Federal Case (summary judgment due on 7-12-21 for (9:6126), J. Burnell testifies that, what plaintiff notified SGT Hunt thereof, was true and correct. (exhibit K and K-1, pg.1-3, p.2-6).

Finally, on August 17th, 2021, SGT Mendez (male), "was directly supervising our work-line with Lt. Goggins approx. thirty yards from us,... as plaintiff was "working along side a cliff.. twenty feet above a body of water." Mendez "directed Klingensmith to get closer". but plaintiff "already had one foot dangeling from the ledge." Plaintiff "dropped his tool" and Mendez "grabbed his pistol-lowered the safety clip over the slide- and instructed plaintiff to "take another step and it will be your last bad day" or something to that nature, as Mendez called plaintiff "weak, soft and scared." (see exhibit herewith at J. Gibert declaration and grievance NC-21-00558)

Plaintiffs S.J. Opposition was currently pending a "Motion to Strike" at this time (ECF. 218 and 218)

22
of
23

23
of
total 58

The fact of a "prose status" should be taken into account in determining whether a filing was "reasonabl[y] related to the presentation of the case." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989). The Court should "recognize that [current and future] defendants and counsel "somewhat inexplicably" failed to stand on the bar of justice [and continued to cover-up] BCDC defendants and Jordans actions; and even those behind the "thin [blue] line will abuse their power to obtain such results as within this case, for the "defendant[s] [were] a[ll] rogue officer[s] who disobeyed City Policy." Borough Pawn, LLC. v. City of New York, 640 F.Supp.2d 268, 299-300 (S.D.N.Y 2009) (ECF.230, pg.4, ¶2)

Plaintiff used the "spirit" of the motion as a potential motivating factor "to positively update the current living and mailing address, of said plaintiff. (see ECF.228, pg.#1) Furthermore, Rule 11 sanctions cannot be imposed without providing some type of due process petitions. Donaldson v. Clark, 819 F.2d 1551, 1559-61 (11th Cir. 1987) (papers to be served upon opposing party), and give twenty-one (21) days to respond Fed. R.C.P. 11 (b)(c)(1)(A) and (c)(1)(B) (show of cause) Securities Industry Assn v. Clark, 898 F.2d 318, 322 (2d Cir. 1990) (see ECF.231, pg.#1, ¶3); (Id. ECF.231, pg.#1, ¶4)

With all of this being presented as facts to cover-up and interfere with plaintiffs civil rights cases, sanctions should not be imposed upon plaintiff; and plaintiffs "uphill battle" and the amount of "hardship and detainment upon the plaintiff "(ECF.230 @ pg.#1) and the defendants lack of due process; should not be imposed upon plaintiff, but requested sanctions imposed upon BCDC defendants and counsel. (ECF.135, pg.#7)

Respectfully,

7206 W. 7th        12-20-21        17093) T. Klingensmith
P.I.29 E BLUFF, AR 72603

23 of 23

23.9 of 56 total

I, Tyler Klingersmith, comes forth to state:

1) I placed this motion and objection to R+R, on 12-20-21, with pre-paid postage and processed through the "privileged mail" channel;

2) I never meant to increase litigation, harass, alarm, annoy, threaten or abuse anyone, only to preserve evidence and my Constitutional rights, as well as my safety and life, for they were placed into danger, as from NCU staff and Ms. Thomas.

7206 W. 7th
Pine Bluff AR 71603                    T. Klingersmith
                                       1-30-22

12-20-21

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.



# AAC RISK MANAGEMENT SERVICES

1415 WEST THIRD STREET
LITTLE ROCK, ARKANSAS  72201
TELEPHONE: 501-375-8805
FACSIMILE: 501-375-8671

December 11, 2019

Mr. Tyler Klingensmith
ADC #170977
ORCU
P.O. Box 1630
Malvern, AR    72104

Exhibit A

      Re:   Klingensmith v. Holloway, et al. (USDC #19-5185)

Dear Mr. Klingensmith:

      I represent the Benton County Defendants in the above-styled matter.  In addition to Defendants' response, please find enclosed with this letter Interrogatories and Request for Production.  According to the Rules of Civil Procedure, you have 30 days in which to furnish your responses.  A self-addressed, postage-paid envelope is enclosed that you can use for the return of your discovery responses to my office.

      Included with the Request for Production is a medical authorization for you to sign and return to me.  You have alleged in your Complaint that you were attacked by another inmate and denied medical care.  Due to these allegations, a review of your medical records will be necessary.  Upon receipt of the signed medical authorization from you, I will request, at my expense, copies of your medical records. Please carefully read the following instructions regarding the medical authorization.  **It is not necessary for you to fill in the line regarding the identity of the medical provider.**  I will request medical records from all providers identified in your interrogatory responses, deposition, jail file, and additional providers referenced in any medical records received.  The original medical authorization will be photocopied and the line for the medical provider will be completed by my office for each medical provider identified.  Thank you for your cooperation.

Best regards,

JaNan Arnold Thomas

Enclosures

RmfBen/Klingensmith/Klingensmith01ltr/BEN-013

34



# AAC RISK MANAGEMENT SERVICES

25 of 56

1415 WEST THIRD STREET
LITTLE ROCK, ARKANSAS  72201
TELEPHONE: 501-375-8805
FACSIMILE: 501-375-8671

April 8, 2021

Exhibit A-1

Mr. Tyler Klingensmith
ADC #170977
North Central Unit
10 Prison Circle
Calico Rock, AR 72519

Re:  Klingensmith v. Holloway, et al. (USDC #19-5185)

Dear Mr. Klingensmith:

While reviewing my file, I noticed that you have not responded to the enclosed discovery requests which were originally propounded to you on December 11, 2019.   A good-faith letter was sent to you on March 13, 2020, but I show no record of receiving your responses. Please forward your responses to my office immediately. A postage-paid, self-addressed envelope is provided for your convenience. Thank you for your cooperation.

Best regards,

JaNan Arnold Thomas

Enclosure

RmfBen/Klingensmith/Klingensmith24tr/BEN-013

Arkansas Department of Correction

# Inmate Request Form

North Central Unit
#10 Prison Circle
Calico Rock, Arkansas

26 of 56

This form is to be used by inmates to contact staff with request on various issues. This Request Form is not a part of the grievance process, but should be used before filing an Informal Grievance to allow staff to assist you.

| Inmate Name: Klingensmith, Tyler | ADC#: 170977 | Date: 6-9-21 |
|---|---|---|
| Barracks #: 6 | Job Assignment: Reg. ntn | |
| Staff Member: Warden | Department: | |

I have a request concerning the following areas (Check all that apply)

Exhibit A-L

- [ ] Business Manager
- [ ] Chaplain
- [ ] Chief of Security
- [ ] Classification
- [ ] Commissary
- [x] Deputy Warden
- [ ] Field Captain
- [ ] Food Service
- [ ] Laundry
- [ ] Law Library
- [ ] Library
- [ ] Mailroom
- [ ] Medical / Dental
- [ ] Mental Health
- [ ] Parole
- [ ] Paws In Prison
- [ ] Records
- [ ] Recreation
- [ ] School /Vo-Tech
- [ ] Telephone Issues
- [ ] Think Legacy
- [ ] Visitation/Phone
- [x] Warden
- [ ] Work Craft
- [ ] Other: _____

Provide detailed reason for request: I have received notice that a video is here (sent by, AAC counsel, for BCDC in Bentonville) of an assault that took place in their facility. I have sent the letter to be copied, in the law library, but since it takes FOREVER to make [copies] and it does not keep my EVIDENCE in align with privacy laws, given to legal work. Im still waiting on it. Please

Have you talked with any staff member about this request? [x] Yes [ ] No. Whom? allow me to view the video.
← Ricketts

Inmate Signature: _____

- - - - - - - - - - - - - - - - - Do Not Write Below This Line - - - - - - - - - - - - - - -

1 1/2 of 57

I am referring your request to: Major for further handling.

Reason / Instructions: _____

Staff Signature: C Soap     Date: 6-10-21

I have reviewed your request and my findings are as follows:

We have contacted the AAC the video would not play. As soon as the issue is resolved we will let you view it.

**Received**

JUN 11 2021

Signature: _____     Date: _____

Major's office

Exhibit B                    27
                             of
                             52

Arkansas ADC
North Central Unit Main Canteen

Klingensmith, Tyler B.
Customer Number:   170977
Housing Location:   BK06/059L

Initial Balance:       974.56
Ending Balance:      966.01
Spending Limit:      100.00
          REGULAR RECEIPT
     Item          Qty          Price
POSTAGE
[901]           855 @ 0.01   8.55

     Subtotal                  8.55
     Sales Tax                 0.00
        Total                  8.55

April 19, 2021  06:42:24 AM

X_____

          Klingensmith, Tyler B.

2020 3382 01 - 080       9 bks

**ISSR100**   Exhibit C       **Arkansas Department of Corrections**
North Central Unit **Unit**
**MAJOR DISCIPLINARY**

If the C.S.O. determines that the violation(s) described on this document are felonious; he/she must hand carry this document to the Unit Warden who must immediately notify the Director.

28

**Inmate:** Klingensmith, Tyler Burton       **ADC#:** 170977A       **Assignment:** AM/PM:Unassigned Medical

**Class:** IV   is being charged by   Alman, Jeremy W.       **Title:** Correctional Sergeant

with **code violation(s):**

11-1  Insolence to a staff member.
12-3  Failure to obey verbal and/or written order(s) of staff.

**Date & Time:** 01/29/2020   2:30 PM

**Notice of Charges:**

Incident Report Unit: North Central Unit
Incident Report Date/Time: 01/29/2020/02:30:00 PM
Incident Report Number: 2020-01-080
Incident Report Comments By: Jeremy W Alman
On 1-29-20 at approximately 2:30pm I, Sgt. Jeremy Alman while assigned as (zone 1) South Hall supervisor was attempting to pass legal mail out in 9 barracks. After completion of mail call I was approached by Inmate Klingensmith, Burton ADC# 170977. Inmate Klingensmith was requesting that his legal mail be signed. I advised Inmate Klingensmith of the sanitary way of closing his envelope without him having to contaminate the mail with his saliva. I offered to tape the envelopes in his presents to ensure that his mail made it through the proper channels. I also attempted explain to Inmate Klingensmith that the entire North Central Unit has been under surveillance for the flu like symptoms and that anything we could do to prevent spreading the virus was what needed to happen. Inmate Klingensmith became insolent by stating " Your not reading my fucking legal mail, you need to get your fucking boss." Inmate Klingensmith continued his unreasonable behavior and was escorted to the door of Restrictive Housing, where he was placed in hand restraints and placed in holding cell #2. Inmate Klingensmith was later released back to his assigned barracks # 9. Therefore, Due to the above stated facts, I, Sgt. Jeremy Alman am charging Inmate Klingensmith, Burton ADC# 170977 with rule violation 11-1 and 12-3 pending major disciplinary court review.

(I affirm that the information in this report is true to the best of my knowledge)       Signature of Charging Officer

**NOTIFICATION:**   **Officer**  _____       **Date & Time Notified**  1/31/20  8:00 a.

**Witness Statements:**  No       If yes, list:

Inmate's Signature

**C.S.O. Review:**   **Outcome:**  Refer to Court       **Date:** 1-30-20
**By:** Major K.O

**Extension:**  No  X   Yes       Has extension form been completed?

Presentation by Counsel - Substitute is required when it is determined that the inmate is illiterate or incompetent or that the issues are extraordinarily complex.
**Counsel-Substitute:**  Assigned (Name)       Not Assigned

36

I was in a wheel chair at this point until 12-3-19 through 3-1-2

7/28/2021

Arkansas ADC

Exhibit D

$Z9$
$\sigma \chi$
$J6$

Arkansas ADC
North Central Unit Main Canteen

Klingensmith, Tyler B.
Customer Number: 170977
Housing Location: BK11/051

Initial Balance: 122.72
Ending Balance: 121.32
Spending Limit: 100.00

REGULAR RECEIPT

| Item | Qty | Price |
|------|-----|-------|
| POSTAGE | | |
| [901] | 140 @ 0.01 | 1.40 |
| | | |
| Subtotal | | 1.40 |
| Sales Tax | | 0.00 |
| Total | | 1.40 |

July 28, 2021 08:29:56 AM

X_____

Klingensmith, Tyler B.

7/28/2021

Arkansas ADC

30
of
56

Exhibit E

Arkansas ADC
North Central Unit Main Canteen

Klingensmith, Tyler B.
Customer Number:   170977
Housing Location:   BK11/051

Initial Balance:   121.32
Ending Balance:   113.62
Spending Limit:   100.00

REGULAR RECEIPT

| Item | Qty | Price |
|---|---|---|
| POSTAGE [901] | 770 @ 0.01 | 7.70 |
| Subtotal | | 7.70 |
| Sales Tax | | 0.00 |
| Total | | 7.70 |

July 28, 2021  08:31:07 AM

X_____
Klingensmith, Tyler B.



31
of
56

I, Tyler Klingensmith, comes forth to state.

1) Pursuant to the prison "mail box" rule, plaintiff put this motion into the mail on 8-19-2021, to be mailed on 8-20-21;

2) Plaintiff received ECF 215, "Motion to Strike" on 8-14-21, and responded as quickly as possible, and sent through the proper legal mail channel.

10 Prison Circle                          Respectfully,
Calico Rock, AR 72519  8-19-21

                                          T. Klingensmith

I declare under penalty of perjery, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Exhibit F

Received WDIAR
AUG 2 3 2023
U.S. Clerk's Office

Tyler Klingensmith 170801
10 Prison Circle
Calico Rock, AR 72519

32
of
56

Fayetteville, AR 72701
35 E. Mountain #510
U.S. Dist. Court



Exhibit G

Tyler Klingensmith 170173
7206 W. 7th
Pine Bluff Arc 7/603
33
of
56

Fayetteville AR 72701
35 Mountain Court
U.S. District Court

U.S. Clerk's Office
NOV 0 1 2021
Received WDAR

ORIGINATED
AT
ADC RLW UNIT

NEOPOST
11/02/202
US POST

of
2

Exhibit H

Klingensmith   United States District Court
v.              Western Dist. of Ark.

RETURNED NOT FILED

Jordan et al.    19: 5185 / 20: 05015

## Motion to depose Kaky and Gloria Schwab - and Douglas Baxendale on Same day

1)    Comes now, plaintiff Tyler Klingensmith, a pro se litigant
to request the court to accept the attached "Confiscation form"
issued as "proof", on 4-6-21, unto the plaintiff. This was received
by the plaintiff, sent from, "Beech Grove / Counsel (not retained for
this case). The package also obtained several hundred pages of
documents, exhibits, declarations, receipts and statements (i.e. direct,
circumstantial, impeachment, income, checks from acct's, and other
"relative" - cumulative, and "correct / postured" individuals)

Im requesting the court to accept this document until copies are
made (7 days of processing - per ADC policy), as "proof" of a $1,400.⁰⁰
federal stimulus check, that plaintiff, will gladly give for the "Cause"
of litigation "for the entire FLOCK". If the court or others need
further proof or additional monies, the check will clear in roughly
14 days and the plaintiffs "real families" has agreed to help with additional
income, considering the "free world" support and recognition of [my]
Sacrifices. (I never [once] requested or lobbied for that support - see "Rebel" 4-8-2
on ABC) - showing at 8 p.m. in the United States "-

(She's my kind [of girl]- Gemma - Kattie Seagal)

2) The plaintiff would have roughly 50-75 direct questions regarding these individuals, not withstanding "newly exposed" information. I would believe, that it would take less than 4-6 hrs. total, and for conv. of the individuals requested to depose, the questioning can be on [one date], their choice, and approved by the court - for "relevance" to the claims and evidence [at hand].

Conclusion

3) Wherefore, the plaintiff [deserves] this option considering the circumstances, conditions, claims and the "Law and Legal Injustices", in the United States, at this current time in "HISTORY."

The New 1960's-1970's!!
    "Keep Pushing" - Ricky Ross - "Boss"
    "Never Give Up" - Jim Juarno - VSM
    "Never Quit" - Northern "Indiana Boys on Indiana
                                                    Nights"
    "Black Lives Matter" — The New Movement
    "Stay Strong" - Briana Strong

Thank You Everyone!!
    God Bless America        4-7-21        Respectfully,

I declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing is true and correct, plus these documents were placed in the mail - by legal process - on 4-7-21 to be sent to the court

T.Klopenstein
(70917)

10 Prison Circle

| AD 14-03 Inmate Property Control | Page 10 o f 15 |

**SCAN INTO EOMIS UPON COMPLETION**

F-401

**STATE OF ARKANSAS -- DEPARTMENT OF CORRECTION**

## CONFISCATED FORM - AREA OR PERSON

*(Check One)* ✓ Inmate _____ Visitor _____ Staff _____ Area

Unit: No. 2 _____ Building or Area: _____ Barracks _____ Cell _____

Date and Time of Search: ____ 4 / 6 / 21  6:00 : pm: am

Officer(s) Conducting Search: (Print) ____ S.d Lw 21

Officer(s) Conducting Search: (Signature) _____

Inmate Name: Kin m\4, Tyler _____ ADC #: 170172

Articles Seized (description and number of items):

| Number | Description |
|--------|-------------|
| 1 | 1400 Tax |
| | |
| | |
| | |

Reason Seized: _____ Voluntarily Produced Excess Property _____ Contraband _____ Disciplinary/Criminal Evidence

Other: ✓ _____

Inmate Signature: _____ ( ___ ) Refused to Sign

Area/Shift/Supervisor: (Signature) _____

Disposition of Contraband: _____ He.b To.t

Copy Delivered to Inmate: Date: 4·6·21 _____ Time: 6:0a

Delivered By: (Signature) _____

Disciplinary Written: (X) No  ( ) Yes  By: _____

Voluntarily Produced Excess articles only may be mailed to: _____

Inmate Authorizes deduction of postage from pen store account for voluntarily produced excess property only:
( ) No  ( ) Yes Inmate Signature: _____

**To be completed by UPCO**

Destruction Date: _____ / _____ / _____

UPCO: (Signature) _____ Witnessing Staff: (Signature) _____

Original - Institutional file    Pink Copy - Inmate    Scanned copy - UPCO copy

F-401                                                                    Revised

37 of 56

Exhibit I

11-5'

IGTT410
3GS

Attachment III

INMATE NAME: Klingensmith, Tyler B.          ADC #: 170977A          GRIEVANCE #: NC-21-00467

### WARDEN/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance where you claim Sgt. J. Hunt retaliated against you by placing you in restrictive housing. On 7-2-21, you informed Sgt. Hunt that you had some property stolen and that a physical attack is underway between you and others in the barracks, whom you refused to name. You were placed in restrictive housing, while an investigation was completed concerning your allegations. Sgt. Hunt, through his investigation, determined that your made false allegations against the unnamed inmate and you were held in restrictive housing pending disciplinary court review. Your hearing on 7-12-21 resulted in a dismissal for the disciplinary written and you were released the same day. I do not find that Sgt. Hunt retaliated against you in any form, therefore I find this grievance to be without merit.

RECEIVED

JUL 2 9 2021

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

Signature of Warden/Supervisor or Designee

Warden
Title

7-20-2021
Date

### INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? Hunt has stated that inmates who file grievances end up in the hole and he has been named in one of my suits. I went for help, gave all the info I had and was written a false disciplinary in retaliation, Langston was involved and took the statements and Pool took the pictures and stated shouldn't complain so much

ADC#: 170977          7-21-21
                        Date

Inmate Signature

ISSR100

**Arkansas Department of Corrections**
North Central Unit Unit
**MAJOR DISCIPLINARY**

If the C.S.O. determines that the violation(s) described on this document are felonious; he/she must hand carry this document to the Unit War who must immediately notify the Director.

Inmate: Klingensmith, Tyler Burton          ADC#: 170977A          Assignment: AM:DCR No Duty
                                                                                    PM:Restrictive Housing

Class: I-C     is being charged by     Hunt, Justin B     Exhibit J     Title: Correctional Sergeant
with code violation(s):

13-2  Lying to a staff member, including omissions and providing misinformation
12-3  Failure to obey verbal and/or written order(s) of staff.
12-4  Refusing a direct verbal order to leave or enter any area of the institution or ADC property including, but not limited to, a cell, barracks, hall, transportion vehicle, or hallway.

Date & Time:   07/03/2021     9:00 AM
Notice of Charges:

Incident Report Unit: North Central Unit
Incident Report Date/Time: 07/02/2021/05:30:00 PM
Incident Report Number: 2021-07-012
Incident Report Comments By: Justin B Hunt

On 7-02-2021 I, Sgt. Justin Hunt, was working as Zone 2 supervisor when I opened an investigation into Inmate Klingensmith, Tyler #170977 refusing to go back into 6 barracks. I began my investigation by placing Inmate Klingensmith in restrictive housing and a witness statement was collected from him. In his statement Inmate Klingensmith makes claims that he was refusing to go back into the barracks because his property had been taken and that he was not going into the barracks to avoid a fight. Inmate Klingensmith refused to cooperate in the investigation by not naming anybody that he was having problems within the barracks. I reviewed video footage of 6 barracks, specifically Inmate Klingensmith's rack, for two hours prior to him leaving the barracks. While reviewing the camera footage Inmate Klingensmith's rack was locked except when he unlocked it and gave inmates property and at no time did any other inmates go through or steal his property. I concluded my investigation on 7-03-2021 at 9:00AM with the following findings. Inmate Klingensmith lied during an official investigation and made false allegations against other inmates and refused to go back to 6 barracks in the attempt to move barracks. Therefor, I, Sgt. Justin, Hunt, am charging Inmate Klingensmith, Tyler #170977 witll major rule violations 12-03, 12-04. And 13-02 pending DCR.

(I affirm that the information in this report is true to the best of my knowledge)     Signature of Charging Officer

| NOTIFICATION: | Officer: | | Date & Time Notified   7/9/21  9:91 |
|---|---|---|---|

Witness Statements:     No          If yes, list:

                                                                                    Inmate's Signature

| C.S.O. Review: | Outcome: | | |
|---|---|---|---|
| | By: | | Date   7/8/21 |

| Extension: | No  X | Yes | Has extension form been completed? |
|---|---|---|---|

Presentation by Counsel - Substitute is required when it is determined that the inmate is illiterate or incompetent or that the issues are extraordinarily complex.

Counsel-Substitute:     Assigned (Name)                              Not Assigned

Exhibit J-1 ————————— 11 bks    39
                                         of
                                         56

**ISSR101**                              **Arkansas Department of Correction**

**DISCIPLINARY HEARING ACTION**

**Inmate:**  Klingensmith, Tyler Burton          **ADC#:**  170977A     **Unit:**  North Central Unit

**Code Violation(s):**

13-2  Lying to a staff member, including omissions and providing misinformation

12-3  Failure to obey verbal and/or written order(s) of staff.

12-4  Refusing a direct verbal order to leave or enter any area of the institution or ADC property including, but not limited to, a cell, barracks, chow hall, transportion vehicle, or hallway.

**Date/Time of Alleged Offense(s):**      07/03/2021  9:00 AM

| **Hearing Date:** | 07/12/2021 | **Time: Start** | 11:12 AM | | | **End** | 11:14 AM | |
|---|---|---|---|---|---|---|---|---|
| **Recorder:** | Waddle, Keith L | **Tape#:** | | **Side:** | **Meter: From** | | **To** | |
| **Plea:** | Not Guilty, Not Guilty, Not Guilty | | | | | **Attendance Waived:** | | No |

Has waiver form been completed?_____

**Inmate's Statement:**




n\a
**Signature of Inmate**

**Court Questions:**




**Sentencing Conditions:**

**Verdict:**  Not Guilty, Not Guilty, Not Guilty

Exhibit J-2

40
of
58

Disciplinary Hearing Action
07/12/2021   12:49 PM
Page 2

**Inmate:**   Klingensmith, Tyler Burton       **ADC#:**   170977A       **Unit:**   North Central Unit

**Additional Sanctions/General Comments:**

**Factual Basis for Decision (This is a short synopsis of the facts as the Hearing Officer perceives them after reviewing all of the evidence.):**

No evidence was provided to substantiate the rules violations.

**Evidence Relied Upon:**

No evidence was provided to substantiate the rule violations.

**Reasons Why Information Purporting to Exonerate Inmate was Discounted:**
na

**Reasons for Assessment of Punishment:**
na

I have read this report and understand that I may appeal to the Warden about any decision made in this matter within fifteen (15) working days by completing the "Disciplinary Appeal" form.

**Inmate's Signature**   N|A                    **Counsel-Substitute**   N|A

I affirm that the information is true to the best of my knowledge.

**Hearing Officer**  _____   **Date**   7/12/21

1 of 4

Exhibit K

41 of 56

I, Jaleen Burnell (JB), come forth to state with direct knowledge and as a participant to said facts; who has been held competent to stand trial several times within the last twelve (12) months:

JB   1) I am in prison for yet another parole violation. Previously, I was released from (NCU) North Central Unit, by the (IPO) Internal Parole Officer Mr. Robinson. I left NCU in the month of August, 2021 , and returned to ADC custody.

JB   2) I was in six (6) barracks with Klingersmith for a while, several months, prior to 7-2-21. On 7-2-21, Klingersmith went to commissary after work call, upon his return Klingersmith was away from his rack, several people stole items from Klingersmiths rack and a pair of his shoes. I lived two (2) racks to his right at this time.

JB   3) Several C.O.'s told my group (clique) that Klingersmith was a "snitch". The one who returned his shoes was myself, but I was to obtain $30 for them or he would have to fight me.

JB   4) I am a Muslim, who practices daily and of African-American heritage. Klingersmith attempted to workout these issues by talking but the group had made its decision.

JB    5) Klingersmith kept saying he didn't want to fight because his children are awaiting him at home. In an attempt to avoid this physical altercation. Klingersmith went to SGT ~~Hitt~~ and was then locked up because of a false disciplinary. Hunt (JB)

JB    6) If the cameras would have been reviewed for twenty five (25) minutes prior to Klingersmith notifying SGT ~~Hitt~~ Hunt, they would of seen the above stated facts. It was a well known fact to myself and others, that the C.O.'s did not like Klingersmith at NCU, or more-n-likely at any Unit since he is known for writing paper on them and thus, taking their jobs and making Klingersmith a "snitch."

JB    7) I am sorry for doing what I done and this is why I have agreed to come forth to set the record straight. Praise to Allah, I have also learned Klingersmith is not scared to fight since seeing him at RLW.

11-21-21

7206 107th

Pine Bluff, AR 71603

print: Jaleen Burnell

Sign: Jalen Burnell

ADC: 162017

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true, correct and with direct knowledge

**ISSR100**

**Arkansas Department of Corrections**
Ouachita River Correction Unit New Commitment **Unit**
**MAJOR DISCIPLINARY**

If the C.S.O. determines that the violation(s) described on this document are felonious; he/she must hand carry this document to the Unit Warden who must immediately notify the Director.

**Inmate:** Burnell, Jaleen Juan                    **ADC#:** 162017B               **Assignment:** AM/PM:Unassigned

**Class:** II     **is being charged by**     Teel, Joshua A                    **Title:** Captain

**with code violation(s):**

04-8  Battery--Use of physical force upon an inmate.

Exhibit  K-1

**Date & Time:** 11/13/2021     4:00 AM

**Notice of Charges:**

Incident Report Unit: Ouachita River Correctional Unit
Incident Report Date/Time: 11/12/2021/07:15:00 PM
Incident Report Number: 2021-11-055
Incident Report Comments By: Joshua A Teel

On 11/12/2021 at approximately 7:30 pm I Captain Josh Teel was made aware of an inmate out of Intake 4 with 2 black eyes. At that point I started my investigation into this matter. Sgt. J. Mayweather stated that when he was making a security check in intake 4, he noticed inmate Gonzales, Donicio # 178456 with 2 black eyes. While Sgt. Mayweather and I talked with inmate Gonzales he stated that he had gotten into a fight with a black male inmate about a misunderstanding. Inmate Gonzales could not positively ID an inmate nor tell us a date or time of the incident. After interviewing several inmates, it was determined that the other inmate involved in the fight was inmate Burnell, Jaleen # 162017. While interviewing inmate Burnell he admitted to them fighting on Wednesday but could not give a time of the incident. On 11/13/2021 at 4:00 am I Captain J. Teel did end my investigation into this matter and do find that both inmates Burnell, Jaleen # 162017, and Gonzales, Donicio # 178456 were involved in a fight. Both inmates were taken to medical, urine drug tested, and photos taken. Due to the above statement I Captain J. Teel do charge inmate Burnell, Jaleen # 162017 with 4-8.

(I affirm that the information in this report is true to the best of my knowledge)

Signature of Charging Officer

| **NOTIFICATION:** | Officer | | **Date & Time Notified** | |

**Witness Statements:**     **No** X          **If yes, list:**

Inmate's Signature

| **C.S.O. Review:** | **Outcome:** | Refer to Hearing Officer/Comm. | |
| | **By:** | Coleman, Jimmy IV | **Date** 11/15/2021 |

| **Extension:** | **No** X | **Yes** | **Has extension form been completed?** | |

Presentation by Counsel - Substitute is required when it is determined that the inmate is illiterate or incompetent or that the issues are extraordinarily complex.

**Counsel-Substitute:**     **Assigned (Name)**                    **Not Assigned**

Exhibit L

44
of
56



**ARKANSAS DEPARTMENT OF CORRECTIONS**
Division of Correction - Director's Office

6814 Princeton Pike
Pine Bluff, Arkansas 71602
Phone: (870) 267-6200 | Fax: (870) 267-6244

## MEMORANDUM

TO:        Inmate Tyler Klingensmith, ADC# 170977
           Randall L. Williams Unit

FROM:      **Dexter Payne, Director**

RE:        **Major Disciplinary Appeal**

DATE:      **November 30, 2021**

Please be advised that I am in receipt of your disciplinary appeal regarding the major disciplinary you received 09/14/2021 at 3:30 p.m. by Sergeant Robert Cross while you were at the North Central Unit.

You state in your appeal that the AD states that only one rule violation may be charged for a given behavior; that the report has no specific details of a sexual threat; that you admitted to the letter but not the card, that you do not have an art card; and that no way can one letter to an attorney be three rule violations.

Your disciplinary states, "On 9/14/2021 I, Sgt. Robert Cross, was on duty as the North Central Unit's Fusion Center Coordinator. At approximately 3:30PM I received a copy of a letter that was sent from the North Central Unit on 9/7/2021. This letter was addressed from Inmate Klingensmith, Tyler ADC# 170977 and addressed to "Counsel JaNan Thomas". The contents of the letter were insolent, threatening, and inappropriate. In the letter Inmate Klingensmith referred to himself as a "Lion", to the addressed party as a "Lioness" and contained aggressive and sexually suggestive statements (See attached letter). The letter also contained a homemade card that stated, "Prison taught me the difference between a Garden Hoe and a Dope Ho." When questioned, Inmate Klingensmith openly admitted to writing the letter but stated the letter was being "Misconstrued" (See attached statement). Inmate Klingensmith was placed in the Restrictive Housing Area. A on site urinalysis was conducted yielding negative results. E-mails were attached as evidence and confidentially included with the packet. Therefore due to the above stated facts I, Sgt. Robert Cross, am charging Inmate Klingensmith, Tyler ADC# 170977 with major rule violations 2-05, 2-20 and 05-4 pending DCR."

You stated during your disciplinary hearing "I was sending her some evidence that could be use it has not been unauthorized for me to write her and send her paper and there is no threats made the card was in reference to my wife Officer Cross did not do no investigation cause he couldn't have he received the letter on the 14th then wrote the disciplinary the same day before he talk to me or received any e-mails."

After a thorough review of all the documents pertaining to this matter, I am upholding the guilty verdicts of rule violations 02-5/Unauthorized use of mail or telephone, including passing unauthorized messages, three-way communications(s), calling on another's phone code, posing as another person, and telephone communications with unauthorized persons and 05-4/Making sexual threat(s) to another person, directly or indirectly, verbally or in writing. I am modifying the 02-20/Unauthorized communication, contact, or conduct with a visitor or any member of the public or staff to read not guilty since the 02-5 covers this category; therefore, your disciplinary is modified.

DP/jl

cc: Warden / Inmate File / File

Exhibit L-1


RECEIVED
OCT 23 2021    4-7-14

F-831-4
**Major Disciplinary Appeal Form**

Director
Arkansas
Department of Correction

45
of
56

Inmate Name __Klingersmith, Tyler__ ADC# __170977__

Unit/Center __NCU_____ Punitive Isolation __X__ Yes _____ No

Disciplinary (date) __9-14-21__ by (charging officer) __SGT. Cross__

__9-27-21__ Appealed to Warden/Center Supervisor: Note, if you do not agree with the decision of the Disciplinary Hearing
Date   Officer, you have 15 business days from receipt of disciplinary action to appeal to the Warden/Center Supervisor.
**Warden's Decision: Affirm _____ Reverse _____ Modify _____ (See attached if modified)**
Signature: _____ Date _____

_____ Appealed to Disciplinary Hearing Administrator: Note, if you do not agree with the response of the Warden/Center
Date   Supervisor, you may appeal within 15 business days from receipt of the Warden/Center Supervisor's response to the
Disciplinary Hearing Administrator.
**DHA's Decision: Affirm _____ Reverse _____ Modify _____ (See attached if modified)**
Signature: _____ Date _____

__10-23-21__ Appealed to Director: Note if you do not agree with the Disciplinary Hearing Administrator's response, you may
Date   appeal within 15 business days from receipt of the Disciplinary Hearing Administrator's decision to the Director.
**Director's Decision: Affirm _____ Reverse _____ Modify ✓ (See attached if modified)**
Signature: _____ Date __11-30-21__

**Notice to Inmate: This form is to be used for all appeal levels and responses. Briefly state**
**reasons why conviction or punishment should be reversed or modified. This information**
**will be considered at all three levels of appeal. Only information that is contained within**
**this space on this form will be considered:** AD-18-34 states "Only one rule violation may be charged for
given behavior" unless it "covers an incident which is made up of a sequence of several distinct behaviors"
L at pg. 9, sec. B; Report 2021-09-057 and the finding of guilt on three charges, that of which stem from one
single "letter/behavior), and denies due process, Franklin v. Isreal, 537 F. Supp 1112, 1118-21 (W.O. Wis 1982);
the report has no specific details as to the "sexual threat" that was made directly or indirectly, so to prepare a
letter set for, only that the letter contained contents that "were insolent, threatening and inappropriate", and spoke of
guns and "lioresses" and it contained aggressive and sexually suggestive statements." Then said see attached letter";
i well it states I openly admitted to the letter, but not a card and I do not have an art card. Wolff v. McDonell, 418
39,948.Ct 2963 at 2980-91; AD-18-34 states it must include "specific details of the rule infraction... shall include
the who, what, when, why and how; Report states "the letter was addressed to "Counsel Jaran Thomas", Jaran is approved
counsel in a civil suit, that is currently open, thus an "authorized contact" and the van "authorized line of communication
re mail was searched before it left NCU for all contraband ; No way can one letter to an attorney in an open case be
three(3) seperate rule violations, since one letter is "one single behavior", Id @ AD-18-34, Pg. 9, sec. B; As well, D.H.O.
violates due process, her "factual basis for a decision", states, "inmate was found to have wrote to an authorized
authorized person" (Counsel Jaran Thomas) which made several insolent remarks and threaten statements"
i sum, no "several insolent remarks and threaten statements" were identified in the report 09-057, thus the D.H.O.
onfirms my grounds for appeal, and confirms the withholding of pertinent information in which I was found guilty;
e AD 18-34 (pg. 11, RD # 1) I never made a sexual threat to counsel Jaran and the report was written
nd produced by Cross, at the same time he received the letter, at 9-14-21 @ 3:30 p.m.; I'm positive the
etter and a report can not both be discovered at the same time. People ex Rel. Vega v. Blean 485 n.2d at
Inmate's Signature: __Tyler_____ Date: __9-27-21__
                                                                                                    100204
                                                                              Please reverse

Original to be submitted for appeal; copies for inmate's use to proceed to next level if timely response not received.

Exhibit M

46 of 56

Decl writers 2

1 of

Declaration in Support of Klingensmith
Shawndale Warn

[I] SHAWNDALE WARREN, come forth to state and with direct knowledge thereof;

1) I met Klingensmith at NCU within ADC around 8-1-20 or about; through this time it is apparent that the officers specifically target him if it has to do with his legal work, legal request or legal mail;

2) I have seen SRGT Altman follow him, specifically through the chow hall, or heard from other inmates that the police harass him in the hallways, make specific statements towards Klingensmith that have no relation to specific conduct isolated or executed by Klingensmith; Klingensmith is an/a person we consider "Hot target, or on the radar, with the police;

3) On Sept. 1st, 2020 Klingensmith, Sexton and [I] were at commissary and on the way back, SRGT Altman called Sexton into the infirmary and Klingensmith entered the baracks and stated "I know it's about me, Altman is under investigation for messing with me, my mail and false disciplinaries," (Klingensmith has shown me ECF. #43-3, pg. 1 of 4 at ID #130 of grievance # NC-20-00433. a grievance on Altman for such actions, shows Investigation Assigned); When Sexton returned he was scared, spooked and told Klingensmith that the meeting (was the last time he will help Klingensmith); was about Klingensmith and Altman is worried if Klingensmith is going to "plot on getting me;" Sexton is now scared to come forward and speak;

4) It is well known that NCU inmates that the officers all work together and do whatever they need to do to protect other officers; I have yet to witness Klingensmith be "completely wrong" on his leads, assumptions or predictions) as it pertains to the ADC or his legal cases; Klingensmith sent requests to the law library for specific ADs and AR's and a newly updated list of ADs and AR's around 9-7-20; and he only received half of one of the classification ADs and the list he is including in this motion or the AD's and AR's currently disposed by the law library to inmates; this is our actual source of legal material within NCU due to COVID-19; the only actual AD on the inmate policy available to US at NCU is AD-14-18 without the law library;

Respectfully,

9-12-20

10 Prison Circle                          X Shawndale Warren
Calico Rock, AR 72519                     X Shawndale Warren

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Warden's Office
Received

exhibit #133

JUN 1 2 2020

IGTT410
3GS

Arkansas Dept.
of Correction-NCU

Attachment III

48 of 56

INMATE NAME: Klingensmith, Tyler B.

ADC #: 170977A

GRIEVANCE #: NC-20-00432

## WARDEN/CENTER SUPERVISOR'S DECISION

Exhibit N

**Complaint:**
Inmate states: This is on SRGT Ward, Major Day and Wardens Pierce and Faust. While on behavior control I notified several CO's and Ward and Pierce that I have legal deadlines to meet and they refused to provide me with my legal material and supplies to meet the deadline; on 5-3-20 through 5-6-20 As a result my deadline was not met by the 5-11-20 deadline. I notified Van and Dykes on several occasions as well but they stated "I should have stayed in population". This is taken as an abuse of power, wrongful infliction of unspecified/unjustly behavior control to frustrate and impede my access to courts that resulted in an untimely filing and/or a retaliatory act because of my 4-13-20 grievances filed about the above stated shift and staff.

**Response:**
I have carefully reviewed and investigated your complaint. Deputy Warden Pierce states that you did speak with him while you were in a holding cell (following disciplinary action), where you mentioned to him that you had pending legal work, but did not mention any specific dates or cases. You were told by Deputy Warden Pierce to notify Restrictive Housing Staff and provide proof of need in order to obtain legal materials. Sergeant Ward, Corporal Dykes and Corporal Vann, all state that you did not, at any time, advise them of a need for legal materials, or impending legal deadlines. Even since coming off of behavior control on 05/06/2020, you have not submitted any documentation to the Law Library to show proof of open cases. I have found no evidence to suggest that you requested any legal materials or assistance from Restrictive Housing Staff. I find your grievance without merit.

Signature of Warden/Supervisor or Designee

RECEIVED
JUN 2 9 2020

Title: _Warden_

Date: _6-12-2020_

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? WOW!! She threw Pierce under the bus!! She must have a masters in "Burning ADC" (rhetorical statement) It clearly shows evidence that I have "pending legal work", and only a reasonable person would know that deadlines are within "pending legal work". But you know I have a "HUGE" lawsuit against ADC and I have the proof, that I had (2) two deadlines, that I could not prove to the named staff because they refused to retrieve my legal documents from my property that Vans and Dykes were ordered by Ward to bring right outside my cell and laugh at me while they zip-tied in a yellow bag and stated "you should have stayed in population." Get real & hire some educated people

IGTT410
- 5-7-20

Page 1 of 2

Exhibit M-1   49 of 56

**ISSR101**                                    **Arkansas Department of Correction**

### DISCIPLINARY HEARING ACTION

**Inmate:**  Klingensmith, Tyler Burton          **ADC#:**  170977A          **Unit:**  North Central Unit

**Code Violation(s):**

05-3  Assault--any threat(s) to inflict injury upon another, directly or indirectly, verbally or in writing.
11-1  Insolence to a staff member.
12-3  Failure to obey verbal and/or written order(s) of staff.

**Date/Time of Alleged Offense(s):**    05/03/2020   9:00 AM

**Hearing Date:**   05/07/2020          **Time:** **Start**    7:21 AM          **End**     7:29 AM

**Recorder:**   Minor, Justine M          **Tape#:**          **Side:**          **Meter:** **From**                    **To**

**Plea:**   Not Guilty, Guilty, Not Guilty                              **Attendance Waived:**   No

                                                    **Has waiver form been completed?** _____

**Inmate's Statement:**

1. they came in and told me to get off my rack and I did and I sit on the other rack and they told me to stand and I did and they went to going threw my legal mail reading it and I told him that he can not do that he said the he can and I did say that this is bullshit and he begin to throw my mal on the floor and I never threaten him or nothing that I would not do and he told me that I could not grievance a disciplinary and they put me in cuff

restrained
**Signature of Inmate**

**Court Questions:**
Do you have a statement?

**Sentencing Conditions:**

**Verdict:**   Guilty, Guilty, Guilty

| **Restriction Days to Serve** | | | |
|---|---|---|---|
| Commissary: | 60 | **Days Suspended:** | 0 |
| Phone: | 60 | **Days Suspended:** | 0 |
| Visitation: | 60 | **Days Suspended:** | 0 |
| Punitive Isolation Days to Serve: | 25 | **Days Suspended:** | 0 |
| GT Class Reduced to: | IV | **Class Suspended:** | |
| GT Days Forfeited: | 150 | **Days Suspended:** | 0 |

Exhibit M-2        50 of 56

Disciplinary Hearing Action
05/07/2020  8:29 AM
Page 2

**Inmate:**   Klingensmith, Tyler Burton        **ADC#:**   170977A        **Unit:**   North Central Unit

**Additional Sanctions/General Comments:**

**Factual Basis for Decision (This is a short synopsis of the facts as the Hearing Officer perceives them after reviewing all of the evidence.):**

inmate was observed being insolence and threaten t staff

**Evidence Relied Upon:**

005 from staff supporting F-1 report. F-1 statement from charging officer.

↑ supporting officer wrote up Pletcher

**Reasons Why Information Purporting to Exonerate Inmate was Discounted:**

Staff's eyewitness account is accepted.

**Reasons for Assessment of Punishment:**

Inmate is a Class IV Inmate that must learn that threaten staff will not be tolerated.

I have read this report and understand that I may appeal to the Warden about any decision made in this matter within fifteen (15) working days by completing the "Disciplinary Appeal" form.

**Inmate's Signature**   restrained        **Counsel-Substitute**   N/a

I affirm that the information is true to the best of my knowledge.

Justine Minor

**Hearing Officer**        **Date**   5/7/20

1 of 3
DM
witness 1

## Declaration in Support of Klingensmith

As a witness with direct knowledge, [I] David Martin comes forth to state;

David Martin

DM 1) On 5-3-20 Klingensmith was placed in Isolation at MCU within AIX and [I] was in the cell next to his but at [any] time [I] could hear Klingensmith have conversations with the others, clearly and concisely, due to the pipe chase (air vent system that runs as a hallway between all the cells); officer Van and Dykes placed him on behavior control (striped him of all his clothes, soap, eye glasses and only allowed him to have a blanket) for (3) three days before he was seen by any disciplinary hearing judge; 5-3-20 was the first day he was housed in Isolation for an alleged rule violation, and he was removed from General population; He (Klingensmith) complained of not having his legal mail or ability to respond to several deadlines he had within the courts; Klingensmith brought this to the attention of SRGT Ward, Van and Dykes but on several occasions they would say "You should of stayed in population" and "We can do what we want and most people will never even file a grievance"; Klingensmith complained of not being able to see without his glasses, couldn't respond in time or properly to his deadlines required by this court; Klingensmith actually said one of his poorly executed "Objections" was filed after the required deadline set by this court; Klingensmith stated this was due to him being held, out of policy, on behavior control and not having his legal mail or supplies available to him from 5-3-20 through 5-7-20 while on behavior control;

DM 2) [I] also heard Klingensmith have a conversation with SRGT Ward and a nurse about a hemroid that was bleeding and the nurse brought him medication to treat the area and Klingensmith had to show them the blood from the area on his boxers; they brought this medication during our meal time at lunch on 5-3 or 5-4, 2020, but SRGT Ward refused to provide Klingensmith with soap to wash his hands after applying the medication to the area (common since it allow this especially while one is eating to prevent infection cross-contamination or sickness) so Klingensmith did not apply the medication to the area because he stated "I can't eat my food then, after putting medication on my bloody and stinky asshole"; to use a lame person; and to the attempted treatment provided by the nurse, Klingensmith was unable to receive the prescribed medical treatment due to the deliberate actions of SRGT Ward;


DM 3) Klingensmith is known throughout the Unit as the guy to speak to if you have legal questions about [civil] law but does not file or help file in a retaliatory or malicious manner; since our release from Isolation [I] have witnessed, several times and several SRGT's, refuse to send out his legal mail on mainline in front of the chow hall; we are housed in the same barracks and since 6-1-20, to my knowledge, one SRGT Almen has been suspended for some type of retaliatory or interfering conduct geared towards Klingensmith and his legal mail. It is a well known fact that if an inmate files a grievance at NCU they will be retaliated against, in some sort of fashion by or through a co-worker of the employee who the grievance was filed on;

3 of 3
pm
witness 1

So much so, that officers are at will to freely state that
"The inmates who file grievances are in the hole", this was one
statement made by a SRGT at sally port during our hoe squad
turn in time; Klingensmith is in fear of officers and what
they are willing to do to him (false disciplinaries, targeted searches
false reports in his eOmis file and others he has shown or [I] have
seen proof of); SRGT that made this statement about inmates
that file grievances are in the hole;- SRGT Almon has refused,
denied, opened out of Klingensmith's presence, his legal mail on
the days involving his grievances and his current claims; I have
witnessed this on several occasions in the hallway and barracks;

Pursuant to 28 U.S.C. §1746, [I] David Martin   declare
under penalty of perjury that the foregoing is true and correct
with no gain to me whatsoever, on pg #1-3, numbers 1-3

date: 7/25/20

x David Martin

10 Prison Circle
Calico Rock, AR 72519        print: DAvid MARTiN
                             ADC#: 97317

Gilbert Justin

I, _____, come forth to state, with direct
knowledge of such conduct:

Exhibit P

1) On or about 8-17-21, while Klingensmith and I were at a
work-site for Regional Maint - Squad - under the direct
supervision of Lt. Goggins, but with SGT Mendez and Polluck
as our riders;

2) Klingensmith was approx two (2) inmates in line, directly
infront of myself. During which Mendez was directly supervising
our work-line with Lt. Goggins approx thirty (30) yards from
us;

3) At this time we were working along side a cliff, about
twenty (20) feet above a body of water. Mendez directed
Klingensmith to get closer to the edge, in which Klingensmith
already had one (1) foot dangling from the ledge. Klingensmith
could not get any further down or upon the ledge without falling
to an definite injury and into a stream of water;

4) Klingensmith dropped his tool and Mendez told him, as he
grabbed his pistol - lowered the safety clip over the slide - and
told Klingensmith, "Take another step and it will be your last bad
day or your last day" or something to that nature; Mendez also
called Klingensmith - "weak, soft and scared".        Sign: Justin Gilbert
                                                       print: Justin Gilbert
                                                       ADC: 154604
I declare under penalty of perjury, pursuant to 28 U.S.C.
§1746, that the foregoing is true and correct:

1-51

IGTT410
3GS

Exhibit Q

Attachment III

55
of
56

INMATE NAME: Klingensmith, Tyler B.          ADC #: 170977A          GRIEVANCE #: NC-21-00558

## WARDEN/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance where you claim that on 8-17-21 Sgt. J. Mendez made slanderous comments calling you weak/soft and scared. Sgt. Mendez stated that he did not harass or see any harassment towards you on 8-17-21. He states that he did not act unprofessional or outside of policy towards you on this date. Therefore I find this grievance to be without merit

FAILURE TO FOLLOW
POLICY HAS RESULTED IN
REJECTION FOR THIS
AND MARKING
THE APPEAL PROCESS

Warden/DW

Signature of Warden/Supervisor or Designee          Title          8-30-21          Date

### INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

exhaust remedies, assert original complaint, he threatened
my life and several statements were gathered by Cpt.
on 8-20 thru 8-21-21, as well by my own accord

ADC#: 170977          9-4-21          Date

Inmate Signature

RECEIVED

OCT 12 2021

Sent in mail
on
9-7-21

INMATE GRIEVANCES SUPERVISOR
[illegible] BUILDING

**ADC**

*honor and integrity in public service*

## Arkansas Department of Corrections
## Division of Correction

Director's Office
6814 Princeton Pike
Pine Bluff, Arkansas 71602-9411
Phone: (870) 267-6200
Fax: (870) 267-6244
http://adc.arkansas.gov

### MEMORANDUM

TO:     Inmate Tyler B. Klingensmith, ADC# 170977
        North Central Unit

Exhibit R

FROM:   Dexter Payne, Director

RE:     Major Disciplinary Appeal

DATE:   March 26, 2020

Please be advised that I am in receipt of your disciplinary appeal regarding the major disciplinary you received 01/29/2020 at 2:30 p.m. by Sgt. Jeremy Alman.

You state in your appeal that you feel Sgt. Alman was disrespectful; that he wrote you up because he read your legal mail line for line and you told him that was against policy and federal law; that he then threw the envelope at you; that you then licked the adhesive strip and sealed it but he refused to take it; that later you went to mobility chow and he saw you waiting outside the Lieutenant's Office; that you never stated one curse word towards or around Sgt. Alman; that Sgt. Alman falsified the disciplinary to protect himself for violating a civil right; that you have preserved the AR-223 for federal court and all other viable claims; and that there must be a preponderance of evidence to sustain this conviction and there is none within the body of the charging instrument.

Your disciplinary states, "On 1-29-20 at approximately 2:30 p.m., I, Sgt. Jeremy Alman, while assigned as Zone 1 South Hall supervisor, was attempting to pass legal mail out in 9 Barracks. After completion of mail call, I was approached by Inmate Klingensmith, Burton ADC# 170977. Inmate Klingensmith was requesting that his legal mail be signed. I advised Inmate Klingensmith of the sanitary way of closing his envelope without him having to contaminate the mail with his saliva. I offered to tape the envelopes in his presence to ensure that his mail made it through the proper channels. I also attempted to explain to Inmate Klingensmith that the entire North Central Unit has been under surveillance for flu-like symptoms and that anything we could do to prevent spreading the virus was what needed to happen. Inmate Klingensmith became insolent by stating, 'You're not reading my fucking legal mail. You need to get your fucking boss.' Inmate Klingensmith continued his unreasonable behavior and was escorted to the door of Restrictive Housing, where he was placed in hand restraints and placed in holding cell #2. Inmate Klingensmith was later released back to his assigned Barracks #9. Therefore, due to the above-stated facts, I, Sgt. Jeremy Alman, am charging Inmate Klingensmith, Burton ADC#170977 with rule violations 11-1 and 12-3, pending major disciplinary court review."

You stated during your disciplinary hearing, "He came to deliver mail. I told him I had mail to send out. He gave it back to me to slick and seal. He searched it and then gave it back to me. I never cursed him. They were thrown to me. I was never counseled."

After a thorough review of all the documents pertaining to this matter, I am upholding the guilty verdict of rule violation 11-1/Insolence to a staff member; therefore, your request to reverse your disciplinary is denied.

DP/rg
cc:    Warden / Inmate File / File

*An Equal Opportunity Employer*

"Privileged Mail"

Tyler Klingensmith 170977
7206 W. 7th
Pine Bluff, AR 71603

U.S. District Court
Office of the JUDGE
35 E. Mountain #510
Fayetteville, AR 72701

Received WDIAR
U.S. Clerk's Office
DEC 27 2021

ORIGINATED
AT
ADC RLW UNIT

NEOPOST
12/21/2021
US POSTAGE