IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYLER KLINGENSMITH                                                                              PLAINTIFF

V.                               CASE NO. 5:19-CV-5185

DEPUTY ADRIAN CRUZ;
LIEUTENANT ROBIN HOLT;
DEPUTY JOSEPH ALLEN;
DEPUTY MEGAN RUTLEDGE;
DEPUTY NICHOLAS GUERRERO;
LIEUTENANT RANDALL McELROY;
SERGEANT JOE ADAMS;
DEPUTY ANTHONY COBB;
SERGEANT BRADY;
DETECTIVE MARK JORDAN;
SERGEANT COGDILL;
SERGEANT W. GUENTHER; and
BENTON COUNTY, ARKANSAS                                                                    DEFENDANTS

## ORDER

On December 8, 2021, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 233) concerning a Motion for Sanctions (Doc. 223) filed by all Defendants who are or were employed by Benton County, Arkansas ("Benton County Defendants"). The Benton County Defendants are represented by Ms. JaNan Arnold Thomas. Plaintiff Tyler Klingensmith, proceeding *pro se*, filed a Response in Opposition to the Motion for Sanctions (Docs. 231, 232). The R&R recommends that the Court exercise its inherent power to sanction Mr. Klingensmith for abuse of the judicial process and order him to pay to Benton County, Arkansas, the amount of attorney's fees and costs incurred in pursuing the Motion for Sanctions.

1

On January 10, 2022, Mr. Klingensmith filed a combined Objection to the R&R and Cross-Motion for Sanctions (Doc. 237).  This filing is 58 pages long, and the Court has carefully reviewed it.  The Court has also undertaken a *de novo* review of the entire record in view of Mr. Klingensmith's objection.

First, the Court concludes that nothing in Mr. Klingensmith's recent filing describes sanctionable conduct by Ms. Thomas or her clients.  Therefore, **IT IS ORDERED** that the Cross-Motion for Sanctions (Doc. 237) is **DENIED**.

As for Mr. Klingensmith's objections to the R&R, he argues that "sanctions should not be imposed upon plaintiff; and plaintiff's 'uphill battle' and the amount of 'hardship and detainment upon the plaintiff' (ECF. 232 @ pg. #1) and the defendants lack of due process; should not be imposed upon plaintiff, but requested sanctions imposed upon BCDC defendants and counsel." (Doc. 237, p. 23).  As best the Court can tell, Mr. Klingensmith's objection appears to be that he was not afforded due process before the magistrate judge recommended that sanctions be imposed.  The Court finds this objection without merit, and it is **OVERRULED**.  Mr. Klingensmith was given an opportunity to respond to the Motion for Sanctions and did, in fact, respond.  The R&R considers and quotes from his response before recommending that the Motion for Sanctions be granted.  The Court agrees with the magistrate judge's careful reasoning and recommendation and **ADOPTS THE R&R IN ITS ENTIRETY**.

Moreover, as the Magistrate Judge recognized, the docket and procedural history establish that Mr. Klingensmith has become a vexatious litigant.  Every person has an absolute right to access the courts, and *pro se* litigants are rightfully held to a somewhat lesser standard when pleading their claims.  But the right of a *pro se* litigant to access

the courts is not a license to abuse the legal process. This Court will not tolerate contemptuous conduct from any party, *pro se* or otherwise. If an attorney had submitted the correspondence at issue here to opposing counsel, the attorney would face both contempt sanctions from the court and severe professional consequences from the bar. This Court has spent the better part of two years trying to redirect Mr. Klingensmith's litigious shenanigans toward a merits-based conclusion. Those efforts are failing and the Court's patience with Mr. Klingensmith is drawing to an end.

**IT IS THEREFORE ORDERED**, for the reasons stated in the R&R, that the Benton County Defendants' Motion for Sanctions (Doc. 223) is **GRANTED**, as follows:

1. Mr. Klingensmith is ordered to pay to Benton County, Arkansas, the amount of attorney's fees and costs it reasonably incurred in pursuing its Motion for Sanctions. That amount is **$1,056.79**, which represents 5.5 hours of attorney work billed at a rate of $190.00 per hour, plus $2.29 in postage costs. (Doc. 234-1).

2. If this sanction is not paid in full within thirty (30) days, or **by February 14, 2022**, then this case will be dismissed in its entirety for failing to obey a court order.

3. Mr. Klingensmith is directed to remit payment of this sanction to the following address:

> Association of Arkansas Counties
> Risk Management Services
> 1415 W. Third Street
> Little Rock, AR 72201

4. Finally, Mr. Klingensmith is prohibited from communicating or commenting, directly or indirectly, with or about Ms. Thomas in her individual or personal capacity.

This admonition will be strictly construed, and Mr. Klingensmith is on notice that any violation will result in dismissal of the complaint with prejudice.

Ms. Thomas is directed to inform the Court when the sanction is paid. She must also inform the Court if the sanction is not paid by the due date.

**IT IS SO ORDERED** on this 14th day of January, 2022.

                                                  _____
                                                  TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE